## HUSTON v. INDUSTRIAL COMMISSION OF OHIO.

Ohio Appeals, Second District, Montgomery County.

Decided April 7, 1949.

Strother Jackson, Harry P. Jeffrey, Dayton, for plaintiff-appellee.

Hugh S. Jenkins, Atty. Gen., R. Brooke Alloway and Joe F. Asher, Asst. Attys. Gen., Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

The appeal is from a judgment on a verdict in behalf of plaintiff, holding that she is entitled to participate in the State Insurance Fund.

Six errors are assigned, all of which we have examined, but upon the record there is only one question of substance, namely, did the facts developed present an issue for the consideration of the jury whether or not the injuries sustained by the plaintiff's decedent were in the course of and arose out of his employment within the meaning of the Workmen's Compensation Act of Ohio, §1465-37 et seq GC.

There is no substantial dispute in the facts, the difference between the parties arising out of an interpretation of them.

Plaintiff's decedent, Theodore Huston, was under written contract, the Assistant Manager of the Cliff Cabs Company. The position which he held was created due to the death of a former partner of the owner of the business. Under the contract and upon the testimony of the employer Huston had the widest authority and his duties were to advance the business interests of his employer. At the time of the injuries complained of, he was acting as Assistant Manager and in charge of the business.

It was the practice, expressly stated by the employer to be authorized, for Huston to take his meals while on duty and, on the night of his injuries, August 25, 1945, he had, with another employee, a driver, gotten into a cab of the Company and had driven to a Hull-Dobbs restaurant where they were ordering food. As was the custom, the driver of the cab had

turned over money of the Company to Huston which he had in his possession at the time that he was killed.

While Huston and the driver were seated at the counter of the restaurant, a man entered and staged a hold-up. An employee of the restaurant, a cook, the driver of the cab and Huston were the only persons present other than the bandit. As the bandit was about to open a door, probably to leave the restaurant, Huston struck at but failed to hit him whereupon the bandit shot and killed Huston, while his hands were in the air.

It is inferable that Huston felt that he might deter the bandit in his purpose to rob or bring about in his detention and arrest. Huston's acts, manifestly, were unwise, but in the most favorable light to plaintiff, may it be said that his injuries arose out of and occurred in the course of his employment? We are of the opinion that the jury had the right to so determine.

Huston, to all intents and purposes, was the alter ego of his employer. It may be presumed that the bandit would have taken money from any person in the restaurant from whom it might have been secured. If the owner of the Cab Company, instead of Huston, had acted as he did, could it not be said that he acted in the interest of his business? The apprehension or defeat of the purpose of the bandit was in the interest of those who were involved in the holdup. The money of the Cab Company was a part of the property to be protected. The mere fact that decedent had temporarily deviated from active operation of the cab of his employer does not prevent the determination that at the time that he was killed he was acting in the course of his employment.

The factual development here as to course of employment is much like and may be controlled by the adjudication in **Industrial Commission v. Henry, 124 Oh St 616,** 180 N. E. 194, a case which arose in Clark County and in which this Court affirmed a judgment for the plaintiff, **10 Abs 393.**

Likewise, we believe there was causal connection of the injury with the employment through the activities, conditions and environments of the employment. **Industrial Commission v. Weigandt, 102 Oh St 1,** 130 N. E. 38.

The practice of Huston to go out with the drivers of the cabs and participate in the activities of the Company and to leave a cab in front of a restaurant and take a meal and then resume its occupancy, permits the conclusion that there was such connection between the employment and its activi-

ties as to support a findiing that the decedent's injuries arose out of his employment.

We do not discuss and attempt to differentiate this case from the many cited by appellant in its helpful brief but are satisfied that distinction can be made and that the evidence in this case supported the verdict.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.