HAHN, APPELLANT, *v.* MULTI-COLORTYPE CO. ET AL., APPELLEES.

[Cite as Hahn v. Multi-Colortype Co., 7 Ohio App. 2d 50.]

(No. 9887—Decided April 4, 1966.)

Messrs. *Simpson & Jacobs*, and Messrs. *Rendigs, Fry, Kiely & Dennis*, for appellant.

*Mr. William B. Saxbe*, attorney general, *Mr. Pierce E. Cunningham* and *Mr. Lewis G. Gatch*, for appellees.

Hover, J. This is an appeal from an order of the court below dismissing plaintiff-appellant's appeal to the Common Pleas Court from the disallowance of his claim by the Dayton Regional Board of Review of the Bureau of Workmen's Compensation.

The employee, plaintiff-appellant here, filed a timely notice of appeal as provided by Section 4123.519 of the Revised Code. The notice of appeal was complete in all respects except that the claim number was set out as No. 2349857, whereas, in fact, the claim number was 2348957.

The employee's petition in the court below was filed simultaneously with the notice of appeal and carried the correct claim number. There is an obvious transposition of the numbers eight and nine in the two series of figures.

The bureau filed a motion to dismiss the appeal for non-compliance with the above statute in the respect set out. The employee thereupon moved the court below for permission to correct the notice. The court below granted the motion to dismiss the appeal on the ground that it lacked jurisdiction of the case because of the incorrect number.

The factual situation here is readily distinguishable from *Starr* v. *Young, Admr.*, 172 Ohio St. 317. That case involved two specific omissions from the notice of appeal. The court held the omissions rendered the notice ineffective and, accordingly, failed to vest jurisdiction in the Common Pleas Court. In the instant case, we are not concerned with an omission from the notice of appeal, the only defect being an obvious typographical error. In *Singer Sewing Machine Co.* v. *Puckett,* 176 Ohio St. 32, the court modified the *Starr case* to the extent of holding that a notice which was deficient as to caption was sufficient nevertheless if it carried the required information in the body of the notice.

Most recently, in a case involving identical appellate procedure in regard to the Bureau of Unemployment Compensation, *Van Meter* v. *Segal-Schadel Co.,* 5 Ohio St. 2d 185, the court stated in paragraph one of the syllabus:

"Statutes providing for appeals and for proceedings with respect to appeals and for limitations on the right of appeal are remedial in nature and should be given a liberal interpretation in favor of a right of appeal. * * * "

It is the opinion of this court that the notice of appeal in the instant case, since it involved no omission of required information but merely an obvious typographical error which was apparent upon examination of other papers filed simultaneously with the notice, should receive the benefit of the reasoning set out in the *Singer* and *VanMeter cases* above, rather than the total hair-splitting technicality required by applying the *Starr case* to these facts.

The order of the lower court dismissing the appeal is accordingly set aside and the cause remanded for further proceedings according to law, with instructions to grant the motion of the plaintiff below for permission to correct the transposition in the claim number.

*Judgment reversed.*

HILDEBRANT, P. J., and LONG, J., concur.