162

THE STATE, EX REL. MCSALTERS, APPELLANT, *v.*
MIKUS, JUDGE, APPELLEE.

[Cite as State, ex rel. McSalters, v. Mikus (1980),
62 Ohio St. 2d 162.]

(No. 79-1623—Decided May 14, 1980.)

*Messrs. Fontana, Ward & Kaps, Mr. William J. Melvin*
and *Mr. Robert L. Bridges,* for appellant.

*Mr. Joseph R. Grunda,* prosecuting attorney, and *Mr.
J. G. Tassie,* for appellee.

*Per Curiam.* R. C. 4123.519 provides in pertinent part:

"The claimant or the employer may appeal a decision of the industrial commission***in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted***."

While it might be construed that the decision of the Industrial Commission being appealed relates to the extent of disability, this court will not assume that the appellee-judge is unaware of the limitations placed upon the subject-matter jurisdiction of his court by R. C. 4123.519.

This court has long recognized that a court of general jurisdiction has the authority to determine its own jurisdiction in the first instance. Further, this court has held that prohibition will not generally lie to prevent a court from proceeding after a determination of jurisdiction by it, the challenging party having an adequate remedy by way of appeal. *State, ex rel. Miller,* v. *Court of Common Pleas* (1949), 151 Ohio St. 397, paragraph three of the syllabus.

Appellant asserts that this cause falls within the ambit of authority provided by *State, ex rel. Board of County Commissioners,* v. *Court of Common Pleas* (1978), 54 Ohio St. 2d 354, wherein this court stated, at page 356, that "***where there is a 'patent and unambiguous restriction' on the jurisdiction of the court which clearly places***[a] dispute outside the court's jurisdiction," prohibition will lie. The court also refers to this "patent and unambiguous restriction" as "a total want of jurisdiction." However, this case is inapplicable since this court has held that R. C. 4123.519 "***vests Courts of Common Pleas with general jurisdiction over decisions of the Industrial Commission in injury cases." *State, ex rel. Gonzales,* v. *Patton* (1975), 42 Ohio St. 2d 386, 388.

The present controversy serves to highlight the fact that there can be disagreement concerning what constitutes a decision as to "extent of disability" and, consequently, a dispute over a common pleas court's jurisdiction relative to that decision. However, such disagreement is itself indicative that there is no "patent and unambiguous restriction" on the court's jurisdiction.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.