THE STATE, EX REL. MORGENSTERN, APPELLANT, *v.*
FORD, JUDGE, APPELLEE.

[Cite as State, ex rel. Morgenstern, v. Ford (1981),
67 Ohio St. 2d  7.]

(No. 81-127—Decided July 1, 1981.)

*Messrs. Flask & Policy* and *Mr. Constant A. Prassinos,*
for appellant.

*Mr. J. Walter Dragelevich,* prosecuting attorney, and *Mr.
James J. Misocky,* for appellee.

*Per Curiam.*   Appellant contends the Court of Appeals
improperly dismissed the complaint for a writ of prohibition.

8

It is well-recognized that prohibition will not lie to prevent a court of general jurisdiction from proceeding in an action where it is claimed the court erroneously determined its jurisdiction in the first instance. *State, ex rel. Miller,* v. *Court of Common Pleas* (1949), 151 Ohio St. 397; *State, ex rel. Gilla,* v. *Fellerhoff* (1965), 44 Ohio St. 2d 86; *Du Bose* v. *Court* (1980), 64 Ohio St. 2d 169.

A common pleas court has general jurisdiction over decisions of the Industrial Commission in injury cases. Its decision to accept jurisdiction upon an interpretation of the "extent of disability" language of R. C. 4123.519 is a determination of its jurisdiction in the first instance and subject to review only on appeal. *State, ex rel. McSalters,* v. *Mikus* (1980), 62 Ohio St. 2d 162.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.