BOSTON, APPELLEE, *v.* DAUGHERTY, ADMR., ET AL., APPELLEES; INDIANA FARM BUREAU COOPERATIVE ASSN., D.B.A. QUEEN CITY RIVER ELEVATOR, APPELLANT.

(No. C-820567—Decided June 15, 1983.)

*Butkovich, Schimpf & Luken Co., L.P.A.,* and *Mr. Ralph P. Ginocchio,* for appellee Boston.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. William C. Cunningham,* for appellees Daugherty and Industrial Commission.

*Messrs. Frost & Jacobs* and *Mr. Gary L. Herfel,* for appellant Indiana Farm Bureau Coop. Assn.

BLACK, P.J. Plaintiff-appellee, Linda Boston ("Boston"), filed a workers' compensation claim on behalf of herself and her daughter, Tonia Newland ("Tonia"), for benefits arising from the death of Franklin Newland, who was killed while working for defendant-appellant, Indiana Farm Bureau Cooperative Association ("Farm Bureau").[1] The Industrial Commission issued an order on October 27, 1981 ("the order"), which read in full: "It

---

[1] The parties have represented in their briefs that Boston and Tonia were both awarded benefits by the district hearing officer, that the Dayton Regional Board of Review reversed this decision, and that Boston appealed to the Industrial Commission. However, the record before us does not dislcose any of the administrative proceedings or orders except for the October 27, 1981 order of the Industrial Commission, and an order dated October 16, 1981, adjusting Tonia's rate of payment.

is the finding of the Chief Hearing Officer that the overpayment of the widow-claimant, Linda Boston, in the amount of $3,894.00 will be deducted from death benefits payable to Tonia Newland, daughter claimant."

Farm Bureau appealed this order to the court of common pleas under R.C. 4123.519.[2] Boston moved to dismiss the appeal for lack of jurisdiction under Civ. R. 12(B)(1) claiming the order went to "the extent of disability" and was not appealable, and moved for attorney's fees under R.C. 4123.519. The court considered certain matters outside the pleadings and therefore treated the motion to dismiss as a motion for summary judgment.[3] The court granted both motions, finding that the order was a decision "as to the extent of disability," and awarding $1,500 in attorney's fees. It further found that there was no genuine issue of material fact and Boston was entitled to judgment as a matter of law. Farm Bureau appeals, asserting in its single assignment of error that the court erred in granting Boston's motions to dismiss and to award attorney's fees.

Farm Bureau argues that the order was not a decision concerning "the extent of disability" and was therefore appealable. We agree. R.C. 4123.519 provides that a party may appeal a decision of the Industrial Commission "other than a decision as to the extent of disability." The "extent of disability" is an ambiguous term, State, ex rel. McSalters, v. Mikus (1980), 62 Ohio St. 2d 162 [16 O.O.3d 197], and its meaning has been the subject of controversy. See Zavatsky v. Stringer (1978), 56 Ohio St. 2d 386 [10 O.O.3d 503]. The difference between a "decision as to the extent of disability" and a decision concerning "the right to participate" in workers' compensation benefits is that the "extent of disability" presupposes that a claimant has been allowed the "right to participate" in the Workers' Compensation Fund, and a decision concerning the "extent of disability" constitutes a determination of the basis for a computation of compensation or benefits payable from the fund for the particular injury. State, ex rel. Bosch, v. Indus. Comm. (1982), 1 Ohio St. 3d 94; Zavatsky v. Stringer, supra. Otherwise stated, the "right to participate" is determined by examining the injury suffered by the claimant to a specific part of his body to determine whether it in fact exists and was proximately caused by the claimant's employment. This determination that the claimant is entitled to receive any compensation or benefits at all is the first step. Once entitlement is established, the "extent of disability" is determined by ex-

---

[2] R.C. 4123.519 provides in part:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state.

"* * *

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the industrial commission if the industrial commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. Such attorney's fee shall not exceed twenty per cent of an award up to three thousand dollars and ten per cent of all amounts in excess thereof, but in no event shall such fee exceed fifteen hundred dollars."

[3] The three "matters * * * outside the pleadings" referred to in the trial court's "entry" were not certified as part of the record on appeal. We cannot consider them. Lamar v. Marbury (1982), 69 Ohio St. 2d 274 [23 O.O.3d 269].

amining what incapacity or loss the claimant has suffered by the compensable injury so that his compensation or benefits may be computed under the law. The determination of the extent of disability is not appealable.

We believe the order appealed from by Farm Bureau involves neither the "right to participate" nor the "extent of disability." The order does not concern the "right to participate," because in adjusting the payment of an award on the death of Franklin Newland as between Tonia and Boston, the order is subsequent to, and assumes the existence of, a determination that compensation is payable from the Workers' Compensation Fund in an amount already calculated. The order assumes Boston is not entitled to any part of the award, and Tonia is. The order, further, does not concern the "extent of disability," because it does not "constitute a determination of the basis for the computation of the compensation or benefits" payable under the law, that is, how much Tonia will receive. Cf. *Miraglia* v. *B. F. Goodrich* (1980), 61 Ohio St. 2d 128 [15 O.O.3d 163]; *Reeves* v. *Flowers* (1971), 27 Ohio St. 2d 40 [56 O.O.2d 22]; *State, ex rel. Mansour,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 94 [48 O.O.2d 98].[4] Instead, it

determines how Tonia's benefits, which have already been fixed in amount, will be paid out.

We believe some decisions of the Industrial Commission involve neither "the right to participate" nor "the extent of disability," because the statute clearly encompasses other types of decisions by providing that any order will be appealable *unless* it goes to the extent of disability. We hold the order does not go to extent of disability and so is appealable.

However, we find that the grant of judgment for Boston was correct on other grounds than those asserted by the court. An appellate court may affirm a correct judgment even though not upholding the reasoning used by the lower court. *McCormick* v. *Haley* (1973), 37 Ohio App. 2d 73 [66 O.O.2d 133]. The order appealed from concerns nothing more than how Tonia's benefit payments will be made. The question of her entitlement to the benefits cannot be reached through this order. We fail to see what issue encompassed by this order could be adjudicated in the trial court. The order merely states that Boston's overpayment will be credited to Tonia's award. Farm Bureau was not prejudiced by the order and it therefore has no appealable interest in

---

[4] In *Miraglia* v. *B. F. Goodrich, supra,* the Supreme Court held that a decision ordering the employer to return withheld benefits that the employer claimed were not owed was one about the extent of disability. In *Reeves* v. *Flowers, supra,* the Supreme Court held that an order granting the parents of a deceased worker $3000 pursuant to the statutory presumption of dependency under R.C. 4123.59 but denying further benefits was a decision as to the extent of disability and not appealable because the parents were granted the right to participate by the $3000 award and the order denying further benefits concerned the extent of their participation, *i.e.,* how much they would receive. In *State, ex rel. Mansour,* v. *Indus. Comm., supra,* the decision was one denying the claimant's motion to change his elected method of compensation from division

(B) to division (A) on benefits awarded under R.C. 4123.57. The Supreme Court held this order was not appealable because it concerned the extent of disability. Division (A) and division (B) concern not only method of payment but also the type of disability. The amount of benefits differs according to which division applies, and a change in election must be based upon "good cause shown."

It may be argued that when the worker was killed by an accident in the course of employment, there can be no question about the extent of his disability; it is total. However, appeals from the awards made in death cases have been dismissed as prohibited by R.C. 4123.519, on the grounds that the central question is "the extent of participation" in the fund. This is the established law in Ohio. *Reeves* v. *Flowers, supra.*

whether or not Boston's overpayment is deducted from Tonia's award. Farm Bureau wishes to attack Tonia's entitlement to the award, but this issue cannot be reached through a trial on the order appealed from in this case. There is no genuine issue about material facts in the record before us, and appellee was entitled to judgment. Therefore, we find that judgment was properly granted in appellee's favor.

Defendant also argues that Boston was not entitled to an award of attorney's fees. We disagree. R.C. 4123.519 provides that the cost, including attorney's fees, of any legal proceedings shall be awarded to the claimant if the claimant's right to participate or continue to participate in the fund is established upon the final determination of an appeal. "Legal proceedings" include the act of appeal itself, and claimant's attorney's fees will be awarded even if the employer's appeal is dismissed. *Hospitality Motor Inns* v. *Gillespie* (1981), 66 Ohio St. 2d 206 [20 O.O.3d 209].[5] The attorney's fees were properly awarded. The assignment is overruled. We affirm.

*Judgment affirmed.*

DOAN and KLUSMEIER, JJ., concur.

---

[5] We find no authority in R.C. 4123.519 supporting Farm Bureau's argument that the alleged negligence of the Industrial Commission in failing to provide it with the correct order to appeal, which fact is not before us on the state of record, exempts it from the clear mandate of the statute and *Hospitality Motor Inns* v. *Gillespie, supra.*