THE STATE, EX REL. ORMET CORPORATION, APPELLANT, *v.* BURKHART, JUDGE, APPELLEE.

[Cite as State, ex rel. Ormet Corp., *v.* Burkhart (1986), 25 Ohio St. 3d 112.]

(No. 85-1966—Decided July 23, 1986.)

*Vorys, Sater, Seymour & Pease, Alan T. Radnor, Gerald P. Ferguson, Yoss & Starr* and *Richard A. Yoss,* for appellant.

*Thornburg & Bean* and *Charles H. Bean,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Gerald H. Waterman,* urging reversal for *amici curiae,* Industrial Commission and Administrator.

*O'Brien, Cassidy & Gallagher, L.C., Patrick S. Cassidy* and *Timothy F. Cogan,* urging affirmance for *amici curiae,* United Steelworkers of America and Betty J. Ducker.

*Per Curiam.* Appellant argues that the result in the present case should be governed by our decision in *State, ex rel. Rockwell Internatl.,* v. *Ford* (1980), 61 Ohio St. 2d 234 [15 O.O.3d 250], where this court issued a writ of prohibition and unanimously held at 235: "* * * The requirements for an appeal from a decision of the Industrial Commission in R.C. 4123.519 are mandatory and must be strictly and fully complied with to vest jurisdiction in the Court of Common Pleas. R.C. 4123.519 does not authorize an appeal to the Court of Common Pleas from a decision of the Industrial Commission refusing to entertain an appeal from a regional board of review. * * * [Citation omitted.] Thus, since the commission refused to entertain an appeal from the regional board of review, * * * [claimant's] notice of appeal from that decision is fatally defective and fails to confer jurisdiction on the Court of Common Pleas."

More recently, however, this court has abandoned the stringently inflexible approach illustrated by *Rockwell.* In *Wells* v. *Chrysler Corp.* (1984), 15 Ohio St. 3d 21, this court stated at 23:

"R.C. 4123.519 sets forth five requirements for the notice of appeal, the only act required to perfect the appeal and vest jurisdiction in the court: a '[n]otice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that appellant appeals therefrom.' " The court commented further that " 'such an inflexible standard * * * is not appropriate in all circumstances. Rather, we emphasize now that, as stated above, certain mitigating factors are to be considered when examining the sufficiency of a notice of appeal. These factors include whether appellant has substantially complied with the statutory appeal provisions and whether the purpose of the unsatisfied provision is sufficiently important to require compliance for jurisdictional purposes. This flexibility comports with R.C. 4123.95 * * *' which requires liberal construction of workers' compensation statutes in favor of employees."

In *Wells,* the court considered a notice of appeal drawn substantially like that in the present dispute. We unanimously found that the *Wells* notice sufficiently complied with the statute so as to confer jurisdiction on the common pleas court.

We note that in this case, the notice of appeal filed by Ducker names both the claimant and the employer, the number of the claim, the date of

the decision appealed from, and the fact that claimant is appealing from that decision. Attached to it is a proof of service, stating that copies of the notice have been mailed to the Industrial Commission and to counsel for the Ormet Corporation.

As observed by the court of appeals below in its opinion: "* * * None of the * * * [defendants] can argue nor do they argue that they were misled as to the sense or reason behind the notice of appeal. All of the * * * [defendants] are well aware that the last factual and legal issues brought before the administrative body were determined by the Regional Board of Review and that it would be those facts and those legal determinations which would be the issue of the appeal. * * *"

This being so, and in light of this court's decision in *Wells* v. *Chrysler Corp., supra,* we hold that Judge Burkhart clearly has jurisdiction to proceed in the underlying matter.[1] The judgment of the court of appeals, denying the writ, is therefore affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in part and dissents in part.

CELEBREZZE, C.J., not participating.

WRIGHT, J., concurring in part and dissenting in part. I concur with the result reached by the majority, but I strongly disagree with the substance of the majority opinion. I believe that the issuance of a writ of prohibition is improper only because a court of general jurisdiction has already determined that it has jurisdiction in this matter. Therefore, the subject matter jurisdiction issue is subject to review on appeal. When an adequate remedy exists by way of appeal, an extraordinary remedy such as a writ of prohibition is not appropriate. See, *e.g., State, ex rel. Smith,* v. *Court* (1982), 70 Ohio St. 2d 213 [24 O.O.3d 320]; *State, ex rel. Morgenstern,* v. *Ford* (1981), 67 Ohio St. 2d 7 [21 O.O.3d 4]; *State, ex rel. McSalters,* v. *Mikus* (1980), 62 Ohio St. 2d 162 [16 O.O.3d 197]. The issuance of such a writ is appropriate when a " 'patent and unambiguous restriction' " (*State, ex rel. Smith, supra,* at 215) clearly places a dispute

---

[1] "* * * It is well-settled that there are three essentials for issuance of a writ of prohibition: the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; the exercise of that power must be unauthorized by law; and it must appear that the denial of the writ would cause injury for which there is no other adequate remedy in the ordinary course of the law." *State, ex rel. McGraw,* v. *Gorman* (1985), 17 Ohio St. 3d 147, 150; *Bobb* v. *Marchant* (1984), 14 Ohio St. 3d 1, 3. Appellant has been able to meet only the first of these three requirements.

outside the court's jurisdiction. *State, ex rel. Safeco,* v. *Kornowski* (1974), 40 Ohio St. 2d 20 [69 O.O.2d 90] (monetary restriction on jurisdiction). This principle is inapplicable, however, in the case at bar because R.C. 4123.519 vests courts of common pleas with general jurisdiction over decisions of the Industrial Commission in injury cases. *State, ex rel. McSalters, supra,* at 163; *State, ex rel. Gonzales,* v. *Patton* (1975), 42 Ohio St. 2d 386, 388 [71 O.O.2d 371]. Cf. *State, ex rel. Bd. of Cty. Commrs.,* v. *Court* (1978), 54 Ohio St. 2d 354, 356 [8 O.O.3d 359].

If relator had no adequate remedy by way of appeal, I would depart from the majority and issue a writ of prohibition in this case. Claimant's notice of appeal was fatally defective. Since I joined this court, I have supported the concept of giving the parties their day in court whenever or wherever "substantial compliance" in a notice of appeal could be found. However, when an appeal to the court of common pleas is premised upon an entirely different cause or order than that which was in reality complained of, there is simply *no* compliance with the rules.

The majority's reliance upon *Wells* v. *Chrysler Corp.* (1984), 15 Ohio St. 3d 21 (and inferentially upon the companion case of *Mullins* v. *Whiteway Mfg. Co.* [1984], 15 Ohio St. 3d 18), is misplaced because (1) *Mullins* and *Wells* did not involve substantive defects in the notice of appeal; (2) this court, in deciding *Mullins* and *Wells,* did not overrule the second paragraph of the syllabus of *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28 [74 O.O.2d 50], which requires an appellant in an appeal pursuant to R.C. 4123.519 to appeal the order of the regional board following the Industrial Commission's refusal to hear an appeal; and (3) application of the "substantial compliance" test enunciated in *Mullins* and *Wells* results in the conclusion that claimant's notice of appeal does not substantially comply with the requirements of R.C. 4123.519 and did not confer jurisdiction upon the common pleas court to proceed with the case. At a bare minimum, an appellant desiring to invoke the jurisdiction of a common pleas court must appeal from the correct decision.

*Mullins* and *Wells* involve notices of appeal that failed to include the date of decision appealed from, *Mullins, supra,* and to designate or name the employer as such, *Wells, supra.* Such matters are nonsubstantive and, accordingly, the *Mullins* and *Wells* decisions are consistent with such prior decisions as *Hahn* v. *Multi-Colortype Co.* (1966), 7 Ohio App. 2d 50 [36 O.O.2d 125] (transposition of numbers in the claim number), and *Singer Sewing Machine Co.* v. *Puckett* (1964), 176 Ohio St. 32 [26 O.O.2d 303] (date of decision improperly stated as date of mailing).

*Mullins* and *Wells* do not authorize appeals to common pleas courts from inappropriate orders. R.C. 4123.519 and this court's decisional law indicate the significance of correctly stating which order is being appealed from, for this factor is essential to vest jurisdiction. See *Cadle, supra; State, ex rel. Rockwell Internatl.,* v. *Ford* (1980), 61 Ohio St. 2d 234 [15 O.O.3d 250]. This factor is inferentially recognized as being critical even in *Mullins* and *Wells.*

In *Mullins,* the claimant's workers' compensation claim was denied by a district hearing officer, and that denial was affirmed on October 16, 1979 by order of the Dayton Regional Board of Review. The Industrial Commission, by order of December 17, 1979, refused to hear the claimant's appeal. On the notice of appeal to the common pleas court, the claimant did not state the date of the decision from which he was appealing. Instead, he merely indicated the name of the administrative level from which he was appealing, which was the regional board. This court recognized that the "* * * appellant *did name* the proper decision, which was the decision of the board of review." (Emphasis added.) *Mullins, supra,* at 20, fn. 3.

Today we have, in effect, vested jurisdiction on the trial court for a cause of action based on a nullity.