OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Jones, Appellee, v. Industrial Commission of Ohio, Appellant, et al.

[Cite as State ex rel. Jones v. Indus. Comm. (1992), Ohio St.3d    .]

Workers' compensation -- Jurisdictional requirements of R.C. 4123.516 complied with, when.

(No. 91-2522 -- Submitted September 22, 1992 -- Decided November 18, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 90AP-1318.

On January 25, 1984, relator-appellee, Jessie C. Jones, an employee of Cal Gas-Toledo, was injured in the course of and arising out of his employment. Respondent-appellant, Industrial Commission of Ohio ("commission"), allowed appellee's claim for "bruise end of spine" and, by an order dated January 15, 1985, awarded appellee temporary total disability benefits from January 16, 1985 through February 28, 1985. The commission further ordered that such benefits were to "continue upon submission of competent medical proof of disability * * *."

In February 1987, the commission's investigative division, believing that appellee had been working while receiving temporary total disability compensation, filed a motion with the commission seeking a declaration of overpayment. The motion was heard on May 11, 1987 by a commission district hearing officer, who determined that appellee had returned to "substantially gainful remunerative employment." The district hearing officer declared an overpayment from April 15, 1985 through the last date of temporary total disability paid, and referred the matter to the Bureau of Workers' Compensation ("bureau") for calculation of the overpayment.

Appellee appealed the hearing officer's order to the Toledo Regional Board of Review ("board"). While appellee's appeal was pending, the bureau calculated the overpayment at $20,403.56.

On November 25, 1987, the board heard appellee's appeal and issued an order modifying the May 11, 1987 order. The board concluded that appellee had been overpaid in the amount

of $6,082.65. No appeal was immediately taken.

In January 1988, the board issued a "Corrected Order." This order restated that appellee had been overpaid in the amount of $6,082.65, but added that the overpayment represented "commissions received from May 15, 1985, through September 23, 1986."

On February 9, 1988, the bureau's administrator filed a motion with the commission claiming that he had not received, as required by R.C. 4123.522, notice of the board's November 25, 1987 order. An affidavit from David P. Szuch, an attorney for the administrator, indicated that the bureau first became aware of the November 25, 1987 order only after receiving the board's January 1988 corrected order. The administrator, pursuant to R.C. 4123.522, sought relief from the commission.

The commission, on March 18, 1988, found that the administrator met the requirements of R.C. 4123.522, and granted the administrator leave to file an appeal from the board's November 25, 1987 order. Accordingly, on April 22, 1988, the administrator filed a notice of appeal with the commission.

On August 17, 1988, two staff hearing officers of the commission addressed the merits of the administrator's appeal. The hearing officers vacated the board's November 25, 1987 order (declaring a $6,082.65 overpayment) and reinstated the district hearing officer's May 11, 1987 order (declaring a $20,403.56 overpayment). The hearing officers further concluded that the administrator's April 22, 1988 notice of appeal was sufficient to place all parties on notice of the actual issues in dispute.

Subsequently, appellee moved for reconsideration of the August 17, 1988 order. The commission denied appellee's motion. Appellee then filed an action in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion by recognizing the administrator's notice of appeal as a valid notice of appeal from the board's November 25, 1987 order. Appellee claimed that the notice of appeal failed to satisfy the requirements set forth in R.C. 4123.516 and, as a consequence, the commission lacked subject-matter jurisdiction to address the merits of the administrator's appeal. The court of appeals, agreeing with appellee's assertions, granted the writ.

The cause is before the court as a matter of right.

Gallon & Takacs Co., L.P.A., and Theodore A. Bowman, for appellee.

Lee I. Fisher, Attorney General, and Merl H. Wayman, Assistant Attorney General, for appellant.

Douglas, J.    This appeal raises the issue whether the notice of appeal filed by the administrator on April 22, 1988 was sufficient to invoke the commission's jurisdiction so as to allow the commission to address the merits of the administrator's appeal.

The administrator's April 22, 1988 notice of appeal was, for the most part, a duplication of the commission's March 18, 1988 order. The notice of appeal provided, in part, that:

"James L. Mayfield says that he is the Administrator, BWC

in the above-numbered claim, and that this claim was heard by the Staff Hearing Officer at Columbus, Ohio, on March 18, 1988, and the following finding was made: This matter came on for hearing on 3-18-88, before the Deputies of the Industrial Commission * * *. This claim has been previously recognized for: Bruise end of spine. The Commission finds that the Administrator has met the requirements of Section 4123.522, R.C. The Administrator is granted relief. The Administrator may file an appeal from the Toledo Regional Board order dated 11-25-87 within the statutory period from the date of receipt of this order. The order herein is based on the application, evidence in the file and/or evidence adduced at the hearing.

"Notice of such finding was received by him on April 20, 1988. Said appellant hereby gives notice of his appeal from said order."

R.C. 4123.516 governs appeals from decisions of district hearing officers and regional boards of review. The statute requires that a notice of appeal state "* * * the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom."

The court of appeals held that the administrator did not comply with the jurisdictional dictates of R.C. 4123.516. The court determined that the administrator failed to properly designate that he was appealing the board's November 25, 1987 order, but instead designated that he was appealing the commission's March 18, 1988 order. We disagree.

We find that the administrator has fully complied with R.C. 4123.516, setting forth all the elements to be included in a notice of appeal -- including having adequately stated his intention to appeal the board's November 25, 1987 order. However, even if we were to assume that some ambiguity exists as to precisely which order the administrator was appealing, we would nevertheless conclude that the administrator has sufficiently complied with the jurisdictional demands of R.C. 4123.516.

In Fisher v. Mayfield (1987), 30 Ohio St.3d 8, 30 OBR 16, 505 N.E.2d 975, and State ex rel. Ormet Corp. v. Burkhart (1986), 25 Ohio St.3d 112, 25 OBR 160, 495 N.E.2d 422, we concluded that a notice of appeal, filed pursuant to R.C. 4123.519, is not fatally defective even though the notice purports to appeal a commission's order refusing to address an appeal from an order of a hearing officer, rather than a merit order of the regional board. Specifically, in Fisher, we held that the notice requirements of R.C. 4123.519 are satisfied as long as the notice of appeal is filed in a timely manner and that it is in "substantial compliance" with the statute. We further held that substantial compliance occurs when a notice of appeal "includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities." Id., 30 Ohio St.3d at 11, 30 OBR at 18-19, 505 N.E.2d at 977.

Similarly, in Ormet, we determined that the notice of appeal complied with R.C. 4123.519, reasoning that:

"'* * * None of the * * * [defendants] can argue nor do

they argue that they were misled as to the sense or reason behind the notice of appeal. All of the * * * [defendants] are well aware that the last factual and legal issues brought before the administrative body were determined by the Regional Board of Review and that it would be those facts and those legal determinations which would be the issue of the appeal. * * *'" Id., 25 Ohio St.3d at 115, 25 OBR at 162, 495 N.E.2d at 425.

Although Fisher and Ormet involved R.C. 4123.519 and not R.C. 4123.516, the two statutes, for purposes relevant herein, are identical. The notice elements of R.C. 4123.516 are exactly the same as those found in R.C. 4123.519. Hence, there is no reason why this court's holdings governing R.C. 4123.519 notices of appeal should not apply to notices filed under R.C. 4123.516.

In the case at bar, the commission, in its March 18, 1988 order, concluded that the administrator, pursuant to R.C. 4123.522, was entitled to relief. The effect of that order was to allow the administrator to contest the board's November 25, 1987 order. Indeed, the appellee had to know that the administrator, having sought and received R.C. 4123.522 relief, would be appealing the November 25, 1987 order. Given this, appellee cannot credibly demonstrate that he was surprised, misled or unfairly prejudiced by the April 22, 1988 notice of appeal. Further, to interpret the administrator's notice of appeal as intending to appeal the March 18, 1988 order is illogical. That order granted the administrator his requested relief. The administrator had no reason to appeal such a favorable order.

Based on the foregoing, we find that the administrator has complied with the jurisdictional dictates of R.C. 4123.516. To find otherwise would allow appellee to circumvent a fundamental tenet of judicial review in Ohio that, when appropriate, courts should decide cases on their merits. See Fisher, supra, at 11, 30 OBR at 19, 505 N.E.2d at 977.

Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

Moyer, C.J., Sweeney, Holmes, Wright, H. Brown and Resnick, JJ., concur.