OPINION
John R. Fleming appeals from a judgment of the court of common pleas in favor of Navistar International denying Fleming's workers' compensation claim.
Fleming alleges that he sustained numerous injuries when he fell from a platform while operating a shear machine at Navistar on September 10, 1990. Fleming filed a workers' compensation claim seeking compensation for alleged injuries to his neck, shoulders, lower back, knees, left elbow, and left wrist.
A district hearing officer found that Fleming had not sustained an injury in the course of his employment, and disallowed Fleming's claim. Fleming appealed to the Columbus Regional Board, which affirmed the order of the district hearing officer. Fleming next filed an appeal with the Industrial Commission of Ohio, which refused the appeal.
Fleming filed a notice of appeal of the order in the court of common pleas. Fleming also asked for a jury trial. A trial was held in September 1998. The jury found that Fleming was not entitled to participate in the workers' compensation fund for any of the injuries that he had alleged, and the court entered judgment for Navistar.
Fleming timely appealed, presenting three assignments of error. Because the first and second assignments of error raise the same issue, we will address them together.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT ISSUED A SET OF TEN VERDICT FORMS TO THE JURY WITH INSTRUCTIONS REQUIRING A DETERMINATION BY THE JURY OF WHETHER OR NOT APPELLANT HAD INJURED SPECIFIED BODY PARTS WHEN THE OHIO REVISED CODE DICTATES THAT A CLAIMANIT (SIC) MUST ONLY PROVE THE ELEMENT OF AN INJURY AS DEFINED IN OHIO REVISED CODE SECTION 4123.01 TO PARTICIPATE IN WORKER'S COMPENSATION
 SECOND ASSIGNMENT OF ERROR
 THE TEN VERDICT FORMS OFFERED TO THE JURY WERE PREJUDICIAL TO APPELLANT AS THE FORMS REQUIRED SIX JURORS TO AGREE ON EACH INJURY RATHER THAN ALLOWING SIX JURORS TO AGREE THAT ANY ONE INJURY OCCURRED.
A claimant may appeal from decisions of the Industrial Commission determining a worker's "right to participate" in the fund to the court of common pleas pursuant to R.C. 4123.512. Issues subject to judicial review are (1) whether the injury or occupational disease alleged to have been suffered in fact exists and (2) whether it was proximately caused by the claimant's employment. Boston v. Daugherty (1983), 12 Ohio App.3d 4, 5. Decisions as to the "extent of disability" are not appealable pursuant to R.C. 4123.512. See id. at 6. "Extent of disability" refers to the amount of compensation to be paid, once the right to participate has been established. Zavatsky v. Stringer (1978),56 Ohio St.2d 386, paragraph 2 of the syllabus.
Whether the claimant sustained an injury or disease in the course of employment is a question of fact for the jury. Huston v.Industrial Commission (1949), 87 Ohio App. 33, 34. Whether a disability or death for which a claimant seeks compensation is the direct or proximate result of such injury or disease, or whether such injury or disease proximately contributed to it, is likewise a question of fact for the jury. Bowling v. IndustrialCommission (1945), 145 Ohio St. 23, 25. A jury instruction is proper when it charges the elements necessary to determine whether the claimant is entitled to participate in the fund. See Logsdon v.Industrial Commission (1944), 143 Ohio St. 508.
Each of the ten verdict forms that the court submitted to the jury, over Fleming's objection, required the jury to find whether Fleming was or was not "entitled to participate in the Workers Compensation fund for" each one of the ten specific injuries he claimed. The verdict forms thus required the jury to find the existence of each of the injuries that Fleming claimed and, if so, whether it was sustained in the course of his employment. Fleming argues, as he did in the trial court, that but one verdict form pertaining to all of his injuries should have been employed. In that event, according to Fleming, the jury could return a verdict in his favor if six of the jurors found that any one of the ten injuries he alleged existed in fact, and that it arose from his employment.
We note that the possibility which Fleming suggests was unlikely: the eight jurors unanimously rejected seven of the ten injuries that Fleming alleged, and the remaining three injuries gained but one dissenting vote in his favor. Even so, use of a single verdict form would have been improper because it would havepermitted a verdict against Navistar absent the concurrence of six of the jurors with respect to any one injury, as Civ.R. 48 requires. Therefore, the trial court was correct when it overruled Fleming's objection and presented a separate verdict form to the jury for each injury that Fleming claimed.
Fleming's first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR THE COURT COMMITTED PREJUDICIAL ERROR WHEN IT RULED THAT PLAINTIFF'S EXHIBIT 2, WAS NOT ADMISSABLE (SIC) WHEN THE DOCUMENT WAS AN ACCIDENT REPORT FORM GENERATED BY THE DEFENDANT AND WHEN THE DOCUMENT MET THE DEFINITION OF A BUSINESS RECORD AND WAS AN EXCEPTION TO THE HEARSAY RULE.
Exhibit 2 is a Navistar form titled "Initial Report of Employee Injury for Serious Safety Incident." Shirley Leach, a nurse at Navistar, identified the Report as one that Navistar had used in 1990 when an employee reported an incident to his supervisor, who completed the form. (Tr. 223). Leach testified that Exhibit 2 was prepared on September 10, 1990, for the incident that Fleming reported. (Tr. 224). The Report contains a description of the accident and the injuries involved as Fleming related the event to his supervisor.
Fleming offered Exhibit 2 to show that Navistar completed the form when an employee was injured. Navistar objected, arguing that Exhibit 2 was hearsay within hearsay, because a person with knowledge of the events had not prepared it. The court held that the report was not admissible. (Tr. 219). However, it allowed Fleming to examine Leach with respect to Exhibit 2, provided that Fleming question Leach only to show the circumstances under which Exhibit 2 was prepared and not as to its content. After Fleming and Navistar rested, Fleming moved to introduce Exhibit 2 into evidence. Navistar renewed its objection. The court sustained Navistar's objection.
Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." See Evid.R. 801(C). Hearsay is inadmissible, subject to specific exceptions. Evid.R. 802. However, hearsay within hearsay is not inadmissible if each of the out-of-court declarations conforms either to an exception to the rule against hearsay or to an exception to the definition of hearsay. Evid.R. 805.
Evid.R. 803 creates certain exceptions to the rule against hearsay. Evid.R. 803(6), the business records exception, creates an exception for
 a memorandum, report, record, or data compilation, in any form, or acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.
 The written report of Fleming's supervisor satisfies the Evid.R. 803(6) exception to the rule against hearsay. The document was prepared and maintained in the course of a regularly-conducted business activity. The declarant, Fleming's supervisor, had personal knowledge of the fact that Fleming reported the accident to him. It was made "at or near" the time that Fleming made his report. And, Fleming laid a sufficient foundation for Exhibit 2 through Leach, who testified as to what it is and how it was kept.
Fleming's statement to his supervisor that he was injured at the time and place alleged is an out-of-court declaration. However, it is not prohibited by the rule against hearsay unless it is offered to prove the truth of what Fleming said. If, for example, it is offered to rebut a suggestion of recent fabrication by showing that he made a report of the accident shortly after it occurred, it is a form of "verbal act" that has legal consequences which are relevant to the matter in issue without regard to the truth of the words involved. Evid.R. 801(D)(1)(b). Such statements are not hearsay.
Fleming argues on appeal that Exhibit 2 was admissible "to show that Fleming was not simply making up his injuries, but that he reported them promptly at the time of the incident to the proper authority." (Brief, p. 9). That argument relies on the "recent fabrication" exception. However, the record portrays no claim of recent fabrication which the document could probably rebut. Further, Fleming did not offer the exhibit for that limited purpose at trial, which is necessary to preserve any error in failing to admit it for that limited purpose. Evid.R. 103(A)(1).
Fleming's third assignment of error is overruled.
Having overruled all of Fleming's assignments of error, the judgment of the trial court will be affirmed.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Daniel J. Martin, Esq.
Joseph A. Brunetto, Esq.
Thomas Atzberger, Esq.
Hon. Richard O'Neill