Judgment vacated.

McMONAGLE and BLACKMON, JJ., concur.

HAMILTON, Appellee,

v.

CUYAHOGA COMMUNITY COLLEGE et al., Appellants.

[Cite as *Hamilton v. Cuyahoga Community College,*
167 Ohio App.3d 114, 2006-Ohio-3017.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 86890.

Decided June 15, 2006.

Lester S. Potash, for appellee.

Roetzel & Andress, Tammi Carter, Robert E. Blackham, and Lynn Gross, for appellant Cuyahoga Community College.

Jim Petro, Attorney General, and Vincent T. Lombardo, Assistant Attorney General, for appellant Bureau of Workers' Compensation.

---

CHRISTINE T. McMONAGLE, Judge.

{¶ 1} Defendant-appellant Cuyahoga Community College appeals the trial court's June 15, 2005 entry granting the motion to dismiss of plaintiff-appellee, Eileen Hamilton. For the reasons that follow, we reverse and remand.

{¶ 2} In August 2000, Hamilton filed a claim for workers' compensation benefits, seeking an allowance for "sprain lumbar region," "herniated disc L–3, L–4, and L–5," and "aggravation of left hip osteoarthritis." The claim was allowed for "sprain lumbar region" and "herniated disc L–3, L–4, and L–5," but denied for "aggravation of left hip osteoarthritis." Hamilton filed a motion requesting additional allowance for "aggravation of left hip osteoarthritis," "spondylolisthesis," and "lumbar degenerative disc disease." On October 18, 2002, a hearing was held on Hamilton's motion, and the district hearing officer allowed the claims for "spondylolisthesis" and "lumbar degenerative disc disease," but denied the claim for "aggravation of left hip osteoarthritis." Both Hamilton and Cuyahoga Community College appealed the decision.

{¶ 3} On December 11, 2002, a staff hearing was held on the parties' appeals. The staff hearing officer affirmed the district hearing officer's decision and further allowed the condition of "aggravation of left hip osteoarthritis." Cuyahoga Community College filed an appeal to the Industrial Commission of Ohio. In an order dated January 16, 2003, the commission refused Cuyahoga Community College's appeal.

{¶ 4} On March 19, 2003, Cuyahoga Community College filed a notice of appeal with the common pleas court. In its notice of appeal, Cuyahoga Community College stated:

{¶ 5} "Tri–C, Defendant–Appellant, hereby gives notice of its appeal from the decision of Milutin Zlojutro, District Hearing Officer, in Claim No. 00–479532 [filed] on October 22, 2002. Thereafter, a Staff Hearing Officer affirmed District Hearing Officer Zlojutro's Order at a December 11, 2002 Staff Hearing from which decision the Industrial Commission of Ohio, by and through Staff Hearing Officer Jaimee L. Touris, refused to permit Employer's appeal directly to the three member Industrial Commission, in an Order dated January 16, 2003, and received by Tri–C on January 21, 2003.

{¶ 6} "Said Order is appealable to this Court pursuant to the provisions of Section 4123.512, Revised Code."

{¶ 7} In accordance with R.C. 4123.512, Hamilton filed a complaint on March 25, 2003, which she voluntarily dismissed on December 16, 2003. Hamilton refiled her complaint on November 23, 2004. On May 11, 2005, she filed a motion to dismiss for lack of subject-matter jurisdiction. In her motion, Hamilton argued that Cuyahoga Community College's March 19, 2003 notice of appeal was inadequate. Cuyahoga Community College opposed Hamilton's motion, but the trial court granted the motion, and this appeal follows. In its sole assignment of error, Cuyahoga Community College contends that the trial court erred in dismissing its appeal for lack of subject-matter jurisdiction.

{¶ 8} The standard of review for a motion to dismiss, pursuant to Civ.R. 12(B)(1), lack of subject-matter jurisdiction, is "whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641. An appellate court considers the issue de novo, reviewing the issue independently of the trial court's decision. *D'Agnese v. Holleran,* Cuyahoga App. No. 83367, 2004-Ohio-1795, 2004 WL 744610.

{¶ 9} R.C. 4123.512(B) governs appeals from decisions of the Industrial Commission to the common pleas court and provides, "The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom."

{¶ 10} Hamilton contends that Cuyahoga Community College's notice of appeal asserted that the appeal was taken from the district hearing officer's decision and, thus, was untimely and defective and rendered the trial court without subject-matter jurisdiction to decide the case. Hamilton relies on the following sentence from the notice of appeal in support of her argument: "Tri–C, Defendant–Appellant, hereby gives notice of its appeal from the decision of Milutin Zlojutro, District Hearing Officer, in Claim No. 00–479532 [filed] on October 22, 2002."

{¶ 11} In addressing an appellant's compliance with the requirements of R.C. 4123.512(B), the Supreme Court of Ohio held:

{¶ 12} "1. The jurisdictional requirements of R.C. [4123.512] are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates of that statute. (*Cadle v. General Motors Corp.* [1976], 45 Ohio St.2d 28, 74 O.O.2d 50, 340 N.E.2d 403, overruled.)

{¶ 13} "2. Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. [4123.512] includes sufficient

information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities." *Fisher v. Mayfield* (1987), 30 Ohio St.3d 8, 30 OBR 16, 505 N.E.2d 975, paragraphs one and two of the syllabus.

{¶ 14} In *Fisher*, the court held that although the date of the order being appealed was stated incorrectly, the appellant provided enough information for the parties to determine that a particular claim or action was forthcoming and, hence, there was no surprise or unfair prejudice to the parties. Id. at 11, 30 OBR 16, 505 N.E.2d 975.

{¶ 15} This court has generally adhered to a substantial compliance requirement for appeals brought pursuant to R.C. 4123.512. For example, in *Dorrington v. John Hancock Mut. Life Ins. Co.* (Sept. 11, 1986), Cuyahoga App. Nos. 50694 and 50617, 1986 WL 9956, this court, relying on *State ex rel. Ormet Corp. v. Burkhart* (1986), 25 Ohio St.3d 112, 25 OBR 160, 495 N.E.2d 422, and *Mullins v. Whiteway Mfg. Co.* (1984), 15 Ohio St.3d 18, 15 OBR 15, 471 N.E.2d 1383, rejected an "inflexible test" for determining the sufficiency of an appeal pursuant to R.C. 4123.512 when it was questionable from the notice of appeal which decision was being appealed. Similarly, in *Connelly v. Parma Community Gen. Hosp.*, Cuyahoga App. No. 83747, 2004-Ohio-3738, 2004 WL 1576411, relying on *Fisher*, supra, this court found substantial compliance even though the notice of appeal incorrectly stated which decision was being appealed.

{¶ 16} We do recognize, however, that this court reached a different result in *Walker v. Trimble* (Oct. 20, 1994), Cuyahoga App. No. 66303, 1994 WL 581508, wherein it found that the appellant failed to place concerned parties on sufficient notice as to the particular final order being appealed. In *Walker*, the appellant incorrectly designated the order being appealed without any reference whatsoever to the decision that the appellant actually intended to appeal. Thus, *Walker* does not apply here—Cuyahoga Community College referenced the order it intended to appeal.

█ {¶ 17} In this case, the record demonstrates that Hamilton was put on notice as to what was being appealed. While perhaps the notice of appeal was somewhat inartfully phrased, it did give notice of what was being appealed: "The Industrial Commission of Ohio, by and through Staff Hearing Officer Jaimee L. Touris, refused to permit Employer's appeal directly to the three member Industrial Commission, *in an Order dated January 16, 2003*, and received by Tri–C on January 21, 2003.

{¶ 18} *"Said Order is Appealable to this Court* pursuant to the provisions of Section 4123.512, Revised Code." (Emphasis added).

{¶ 19} Further, the statutory requirements themselves put Hamilton on notice of what was being appealed. Specifically, a tentative order is issued by the Bureau of Workers' Compensation, and if that tentative order is appealed, a hearing is held before a district hearing officer. If the district hearing officer's decision is appealed, then a hearing is conducted before a staff hearing officer. An appeal from the decision of the staff hearing officer may then be taken to the Industrial Commission. The Industrial Commission then either hears the appeal on the merits of claim or declines to hear the appeal. A party may then appeal the commission's decision to the common pleas court. See R.C. 4123.512(B) through (E).

{¶ 20} In fact, when a party in a workers' compensation case fails to exhaust the statutorily prescribed administrative remedies prior to appealing to the common pleas court, the case is subject to dismissal. *Evans v. Visiting Nurse Assn.* (Aug. 8, 1996), Cuyahoga App. No. 69825, 1996 WL 447965.

{¶ 21} Hamilton's complaint itself demonstrates that she had notice of what decision was being appealed:

{¶ 22} "10. The Order of the Industrial Commission is the final order allowing plaintiff's right to participate in the workers' compensation fund in Claim No. 00–479532 for the injuries of aggravation of pre-existing osteoarthritis of the left hip, aggravation of pre-existing spondylolisthesis at L4–5 and aggravation of pre-existing [lumbar] degenerative disc disorder at L3–4 and L4–5.

{¶ 23} "11. Tri–C filed a Notice of Appeal with the Clerk of this Court from the final Order of the Industrial Commission of Ohio."

{¶ 24} Hamilton argues in her brief that "[t]he parties may not, by stipulation or agreement, confer subject matter jurisdiction on a court where subject matter jurisdiction is otherwise lacking." This court's reference to Hamilton's complaint, however, is not an endorsement that she waived jurisdiction; rather, the reference is to merely point out that she was put on *notice* as to what Cuyahoga Community College was appealing.

{¶ 25} Accordingly, we hold that the record before us demonstrates that Cuyahoga Community College substantially complied with the requirements of R.C. 4123.512 and that Hamilton was not surprised or unfairly prejudiced by the appeal and, thus, the notice of appeal was sufficient to confer jurisdiction on the common pleas court. The assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, P.J., and BLACKMON, J., concur.