[Cite as *Lehman v. Buehrer*, 2012-Ohio-931.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 97323

---

## DALE LEHMAN, JR.

### PLAINTIFF-APPELLANT

vs.

## STEPHEN BUEHRER, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-758956

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 8, 2012

**ATTORNEY FOR APPELLANT**

David P. Thomas
Cooper & Thomas
801 Terminal Tower
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEES**

**For Stephen Buehrer, Administrator**
**Bureau of Workers' Compensation**

Mike DeWine
Ohio Attorney General
By:     Sandra L. Nimrick
Assistant Attorney General
State Office Building
11th Floor
615 West Superior Avenue
Cleveland, Ohio   44113

**For E.S.I., Inc.**

Douglas S. Jenks
Dunlevey Mahan & Furry
110 North Main Street
Suite 1000
Dayton, Ohio   45402

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the lower court records, and briefs of counsel.

{¶2} Appellant Dale Lehman, Jr., brings the instant appeal challenging the dismissal of his administrative appeal for failure to properly invoke the jurisdiction of the lower reviewing court. Appellant now argues that the lower court erred in dismissing his claim because the complaint read in conjunction with his notice of appeal reasonably apprised the parties of the claims and issues presented in the case. After a thorough review of the record and the law, we affirm the lower court's determination.

## I. Procedural and Factual History

{¶3} Appellant worked at E.S.I., Inc. ("ESI") on and off from 2007 to March 8, 2010. After being terminated by ESI on that date, appellant, on May 5, 2010, filed a claim for compensation with the Ohio Bureau of Workers' Compensation ("BWC") alleging that he was injured in October 2009. Appellant's complaint indicates that a district hearing officer with the Industrial Commission of Ohio (the "Commission") conducted a hearing on March 3, 2011, and denied appellant compensation on March 14, 2011. On April 19, 2011, a staff hearing officer affirmed the decision, and the Commission declined further appeal on May 11, 2011.

{¶4} Appellant then filed a notice of appeal on July 5, 2011 with the Cuyahoga County Common Pleas Court seeking review of the decision of the hearing officer. The

notice of appeal was accompanied by a complaint. The notice of appeal, however, contained information unrelated to appellant's claim against ESI.

{¶5} On August 9, 2011, ESI moved to dismiss the appeal under Civ.R. 12(B)(1) for lack of subject matter jurisdiction. It argued that the notice of appeal failed to substantially comply with R.C. 4123.512. Without leave of the court, appellant attempted to file an amended notice of appeal on August 17, 2011, but it, too, contained errors in the dates of the decisions of the Commission.

{¶6} On August 19, 2011, the lower court ruled that appellant's notice of appeal was insufficient to invoke its jurisdiction and dismissed the administrative appeal. Appellant then timely filed a notice of appeal in this court, raising a single assignment of error.

## II. Law and Analysis

### A. Requirements to Invoke Jurisdiction

{¶7} Appellant's single assignment of error states, "[t]he trial court erred in granting E.S.I.'s [Civ.R.] 12(B) motion to dismiss due to a clerical error in [appellant's] notice of appeal."

{¶8} R.C. 4123.512 lists the requirements necessary for parties to perfect an appeal from a decision of the Commission. R.C. 4123.512(A) provides in relevant part:

> The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case * * *. The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from * * *. The filing of

the notice of the appeal with the court is the only act required to perfect the appeal.

{¶9} R.C. 4123.512(B) lists the required information that must be contained in the notice of appeal: "The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom."

{¶10} A simple clerical error in the notice of appeal does not divest a reviewing court of jurisdiction to hear an appeal so long as the notice substantially complies with this mandate. *Fisher v. Mayfield*, 30 Ohio St.3d 8, 505 N.E.2d 975 (1987), paragraph two of the syllabus. The *Fisher* court established that in workers' compensation cases,

> [s]ubstantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. [4123.512] includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities. *Id.*

{¶11} This court has summarized its jurisprudence in this area in *Hamilton v. Cuyahoga Community College*, 167 Ohio App.3d 114, 2006-Ohio-3017, 854 N.E.2d 218 (8th Dist.), ¶ 15-16. There we held that so long as the notice of appeal reasonably puts the parties on notice as to what is being appealed, an inartfully drafted notice does not deprive the court of jurisdiction to hear an appeal. *Id.* at ¶ 17. What distinguishes *Hamilton* and the cases from this district cited within from the present case is the lack of correct information contained in the notices of appeal.

{¶12} The notice in *Hamilton* contained the correct names of the parties, the date of the decision being appealed from, and the type of decision. It stated: "'The Industrial

Commission of Ohio, by and through Staff Hearing Officer Jaimee L. Touris, refused to permit Employer's appeal directly to the three member Industrial Commission, *in an Order dated January 16, 2003*, and received by Tri-C on January 21, 2003.'" (Emphasis sic.) *Id.*

{¶13} Appellant's notice contains information that properly identifies himself only. It incorrectly lists the name of the employer as "Buyers Products Company," the BWC claim number as 08-318994, and the date of the appealed decision as June 15, 2010. Each of these is incorrect. The employer was ESI, the claim number associated with appellant's case was 09-868336, and the date of the adverse decision being appealed from was April 19, 2011. Appellant's notice of appeal does not reasonably apprise the employer or the Commission of the decision being appealed. It does not substantially comply with R.C. 4123.512, and thus does not invoke the jurisdiction of the reviewing court.

{¶14} Appellant argues that the notice, read in conjunction with his complaint filed the same day, would reasonably put the parties on notice. However, R.C. 4123.512 specifies that it is the filing of the notice of appeal that invokes the common pleas court's jurisdiction. Where appellant fails to properly invoke that jurisdiction, a separate, albeit correct, complaint does not alleviate that failure. *Davis v. Ohio Indus. Comm.*, 9th Dist. No. 18656, 1998 WL 281379, *2 (May 27, 1998).

{¶15} It is not an unduly burdensome requirement to ask a party appealing from a decision of the Commission to include in a notice of appeal the names of the parties

involved, the case number, and the date of decision. Based on the above case law, appellant's failure to do so leads to the conclusion that his notice of appeal failed to invoke the jurisdiction of the lower court. Therefore, that court did not err in granting ESI's motion to dismiss for lack of jurisdiction. Appellant's single assignment of error is overruled.

{¶16} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR