14

NATIONAL MUTUAL INSURANCE COMPANY, APPELLANT, *v.*
PAPENHAGEN, APPELLEE.

[Cite as National Mut. Ins. Co. *v.* Papenhagen (1987),
30 Ohio St. 3d 14.]

(No. 86-563—Decided April 8, 1987.)

*Ritter, Boesel, Robinson & Marsh* and *James E. Reuter,* for appellant.
*Rodney M. Arthur Co., L.P.A.,* and *Rodney M. Arthur,* for appellee.

DOUGLAS, J. The case at bar poses a single question: whether a court of appeals abuses its discretion by dismissing an appeal for the sole reason that the notice of appeal violates a local rule requiring that separate notices of appeal be filed for each case even where two or more cases were consolidated in the trial court. We hold that such a dismissal constitutes an abuse of discretion where the appealing party has demonstrated to the court that the mistake was inadvertent and made in good faith.

Loc. R. 6(A) of the Third Appellate District provides:

"Notice of Appeal. A separate notice of appeal shall be filed in the trial court for each case appealed therefrom whether the case was consolidated in the trial court for hearing with one or more other cases. The clerk of the trial court shall not accept for filing any single notice of appeal which purports to constitute a notice of appeal from more than one trial court case."

Appellant concedes, and we acknowledge, that its notice of appeal below failed to comply with the above rule. Appellant contends, however, that the court abused its discretion in striking the notice of appeal and refusing to reinstate it upon a showing by appellant that the error was made inadvertently and in good faith. We agree.

This court has repeatedly emphasized the fundamental tenet that courts should strive to decide cases on their merits. See, *e.g., DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 23 O.O. 3d 210, 431 N.E. 2d 644; *Fisher* v. *Mayfield* (1987), 30 Ohio St. 3d 8, 30 OBR 16, 505 N.E. 2d 975. This laudable policy is totally frustrated by the dismissal of an appeal on purely technical grounds without regard to the nature of the error or the fact that it was made in good faith.

In *DeHart, supra,* this court held that "[a] court of appeals abuses its discretion when, after dismissing a case, *sua sponte,* for a minor, technical, correctable, inadvertent violation of a local rule, it refuses to reinstate the case when: (1) the mistake was made in good faith and not as part of a continuing course of conduct for the purpose of delay, (2) neither the opposing party nor the court is prejudiced by the error, (3) dismissal is a sanction that is disproportionate to the nature of the mistake, (4) the client will be unfairly punished for the fault of his counsel, and (5) dismissal frustrates the prevailing policy of deciding cases on the merits." *Id.* at syllabus.

Immediately upon learning of the appellate court's order striking the notice of appeal, counsel for appellant promptly filed an application for reconsideration and for leave to amend the notice of appeal, citing *DeHart* and analogous case law. Attached to this application was an affidavit of appellant's counsel[1] affirming that his action in filing a single notice of ap-

---

[1] This affidavit does not appear in the record certified to this court by the court of appeals. However, we consider it as being in the record on the basis that appellee does not dispute its existence or its contents, and the record indicates that the affidavit was in fact filed in the court of appeals.

peal was an inadvertent mistake, made in good faith, and not for purposes of delay. Moreover, no conceivable prejudice to the opposing party or to the court could result from this minor, technical error. Dismissal is a sanction grossly disproportionate to the magnitude of the mistake, a sanction which unfairly punishes the blameless client. We cannot countenance the utilization of such a drastic measure against such an inconsequential error.

Appellee contends that the court of appeals acted within its authority under its Loc. R. 15(E), which empowers the court to dismiss an appeal for "[a]ny * * * noncompliance with the Appellate Rules or the Rules of this Court." In rejecting this contention under these facts, we note that this particular rule exempts from dismissal any case where "the appellant demonstrates that no undue delay and no prejudice to appellee has been caused by the failure to comply with the rules * * *." Here, appellant made such a showing. Even considering the court of appeals' broad discretion in controlling its docket, dismissal is totally inappropriate under these facts.

We are not unmindful of the important function of local appellate rules in ensuring the prompt, orderly and effective administration of justice. However, we are also aware that justice is ultimately best served by an attitude of judicial tolerance toward minor errors, made in good faith, which pose no danger of prejudice to the opposing party or to the court's essential functions.

The notice of appeal herein, though technically incorrect, fulfilled its basic purpose of informing the parties and the court, in a timely manner, of appellant's intention of appealing a specified judgment. Under these circumstances, this court is not inclined to endorse the harsh sanction of dismissal.

Accordingly, we hold that a court of appeals abuses its discretion in striking a timely filed notice of appeal, and refusing to reinstate it, on the sole basis that the notice erroneously combined on a single form a notice of appeal from two or more cases consolidated for hearing in the trial court, where the appealing party promptly demonstrated that such error was made inadvertently and in good faith.

The judgment of the court of appeals is hereby reversed, and the cause is remanded to that court for disposition on its merits.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOAN, FORD, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOAN, J., of the First Appellate District, sitting for SWEENEY, J.

FORD, J., of the Eleventh Appellate District, sitting for LOCHER, J.