THE STATE EX REL. JONES, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as *State ex rel. Jones v. Indus.
Comm.* (1992), 65 Ohio St.3d 133.]

(No. 91–2522—Submitted September 22, 1992—Decided November 18, 1992.)

134

*Gallon & Takacs Co., L.P.A.,* and *Theodore A. Bowman,* for appellee.

*Lee I. Fisher,* Attorney General, and *Merl H. Wayman,* Assistant Attorney General, for appellant.

DOUGLAS, J.  This appeal raises the issue whether the notice of appeal filed by the administrator on April 22, 1988 was sufficient to invoke the commission's jurisdiction so as to allow the commission to address the merits of the administrator's appeal.

The administrator's April 22, 1988 notice of appeal was, for the most part, a duplication of the commission's March 18, 1988 order.  The notice of appeal provided, in part, that:

"James L. Mayfield says that he is the Administrator, BWC in the above-numbered claim, and that this claim was heard by the Staff Hearing Officer at Columbus, Ohio, on March 18, 1988, and the following finding was made: This matter came on for hearing on 3–18–88, before the Deputies of the Industrial Commission * * *.  This claim has been previously recognized for: Bruise end of spine.  The Commission finds that the Administrator has met the requirements of Section 4123.522, R.C.  The Administrator is granted relief.  The Administrator may file an appeal from the Toledo Regional Board order dated 11–25–87 within the statutory period from the date of receipt of this order.  The order herein is based on the application, evidence in the file and/or evidence adduced at the hearing.

"Notice of such finding was received by him on April 20, 1988.  Said appellant hereby gives notice of his appeal from said order."

R.C. 4123.516 governs appeals from decisions of district hearing officers and regional boards of review.  The statute requires that a notice of appeal state " * * * the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom."

The court of appeals held that the administrator did not comply with the jurisdictional dictates of R.C. 4123.516.  The court determined that the administrator failed to properly designate that he was appealing the board's November 25, 1987 order, but instead designated that he was appealing the commission's March 18, 1988 order.  We disagree.

We find that the administrator has fully complied with R.C. 4123.516, setting forth all the elements to be included in a notice of appeal—including having adequately stated his intention to appeal the board's November 25, 1987 order. However, even if we were to assume that some ambiguity exists as to precisely which order the administrator was appealing, we would nevertheless conclude that the administrator has sufficiently complied with the jurisdictional demands of R.C. 4123.516.

In *Fisher v. Mayfield* (1987), 30 Ohio St.3d 8, 30 OBR 16, 505 N.E.2d 975, and *State ex rel. Ormet Corp. v. Burkhart* (1986), 25 Ohio St.3d 112, 25 OBR 160, 495 N.E.2d 422, we concluded that a notice of appeal, filed pursuant to R.C. 4123.519, is not fatally defective even though the notice purports to appeal a commission's order refusing to address an appeal from an order of a hearing officer, rather than a merit order of the regional board. Specifically, in *Fisher*, we held that the notice requirements of R.C. 4123.519 are satisfied as long as the notice of appeal is filed in a timely manner and that it is in "substantial compliance" with the statute. We further held that substantial compliance occurs when a notice of appeal "includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities." *Id.*, 30 Ohio St.3d at 11, 30 OBR at 18–19, 505 N.E.2d at 977.

Similarly, in *Ormet*, we determined that the notice of appeal complied with R.C. 4123.519, reasoning that:

" ' * * * None of the * * * [defendants] can argue nor do they argue that they were misled as to the sense or reason behind the notice of appeal. All of the * * * [defendants] are well aware that the last factual and legal issues brought before the administrative body were determined by the Regional Board of Review and that it would be those facts and those legal determinations which would be the issue of the appeal. * * * ' " *Id.*, 25 Ohio St.3d at 115, 25 OBR at 162, 495 N.E.2d at 425.

Although *Fisher* and *Ormet* involved R.C. 4123.519 and not R.C. 4123.516, the two statutes, for purposes relevant herein, are identical. The notice elements of R.C. 4123.516 are exactly the same as those found in R.C. 4123.519. Hence, there is no reason why this court's holdings governing R.C. 4123.519 notices of appeal should not apply to notices filed under R.C. 4123.516.

In the case at bar, the commission, in its March 18, 1988 order, concluded that the administrator, pursuant to R.C. 4123.522, was entitled to relief. The effect of that order was to allow the administrator to contest the board's November 25, 1987 order. Indeed, the appellee had to know that the adminis-

trator, having sought and received R.C. 4123.522 relief, would be appealing the November 25, 1987 order. Given this, appellee cannot credibly demonstrate that he was surprised, misled or unfairly prejudiced by the April 22, 1988 notice of appeal. Further, to interpret the administrator's notice of appeal as intending to appeal the March 18, 1988 order is illogical. That order granted the administrator his requested relief. The administrator had no reason to appeal such a favorable order.

Based on the foregoing, we find that the administrator has complied with the jurisdictional dictates of R.C. 4123.516. To find otherwise would allow appellee to circumvent a fundamental tenet of judicial review in Ohio that, when appropriate, courts should decide cases on their merits. See *Fisher, supra,* 30 Ohio St.3d at 11, 30 OBR at 19, 505 N.E.2d at 977.

Accordingly, we reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.