DECISION
{¶ 1} Relator, Lapp Roofing Sheet Metal Company, Inc., commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order holding that relator failed to administratively appeal an order of the Ohio Bureau of Workers' Compensation ("bureau") *Page 2 
involving claimant, Kevin Carter, and to enter an order that sets the appeal for hearing before a district hearing officer ("DHO").
 {¶ 2} Pursuant to Civ.R. 53(D) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate found that the commission abused its discretion when it determined that relator failed to timely appeal the bureau's September 26, 2002 order granting the claimant temporary total disability ("TTD") compensation. The magistrate reasoned that relator's appeal of the bureau's September 24, 2002 order (which had been vacated and replaced by the September 26, 2002 order) substantially complied with the jurisdictional requirements of R.C. 4123.511(F) because it included sufficient information, in intelligible form, to place the parties on notice that an appeal had been filed from an identifiable final order which determined the parties' substantive rights and liabilities.
 {¶ 3} The magistrate noted that, although the September 26, 2002 order vacated the September 24, 2002 order, it really just amended the September 24, 2002 order as to full weekly wage and average weekly wage. Therefore, in the magistrate's view, relator's appeal of the September 24, 2002 order also implicitly embraced the bureau's September 26, 2002 order. In reaching this conclusion, the magistrate relied upon the holding in Fisher v. Mayfield (1987), 30 Ohio St.3d 8. Because the magistrate found that the commission failed to apply the standards set forth in Fisher, he has recommended that we grant the requested writ of mandamus and order the commission to set relator's appeal of the September 26, 2002 bureau order before a DHO. *Page 3 
 {¶ 4} Respondent has filed an objection to the magistrate's decision arguing that Fisher required relator to at least correctly identify the date of the order it was appealing in order to substantially comply with R.C. 4123.511(F). Because relator failed to correctly identify the order it was appealing, it did not substantially comply with R.C. 4123.511(F), and the commission did not abuse its discretion when it found that relator failed to timely appeal the September 26, 2002 order. We disagree.
 {¶ 5} R.C. 4123.511(F) provides in relevant part:
 Every notice of an appeal * * * shall state the names of the claimant and employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom.
 {¶ 6} Although R.C. 4123.511(F) was not at issue in Fisher,Fisher involved a similar statute. We note that both R.C. 4123.511(F) at issue here, and former R.C. 4123.519 at issue in Fisher, require the same five elements to be included in the notice of appeal. The court inFisher held that the jurisdictional requirements of former R.C. 4123.519
are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates of that statute.Fisher, at paragraph one of the syllabus. Moreover, the court stated that substantial compliance for jurisdictional purposes occurs when a timely notice of appeal includes sufficient information, in intelligible form, to notify all parties to the proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities. Id. at paragraph two of the syllabus. Therefore, we agree with the magistrate that the principles articulated in Fisher also apply to an appeal pursuant to R.C.4123.511(F).
 {¶ 7} The court made clear in Fisher that substantial compliance occurs when the notice of appeal contains sufficient information to apprise the parties that an appeal has *Page 4 
been filed from an identifiable final order that has determined the parties' substantive rights and liabilities. In Fisher, the appealing party mistakenly indicated in its notice of appeal that the order being appealed from was that of the commission rather than the decision of the regional board of review. Nevertheless, because the court recognized defendants were well aware that the last factual and legal issues brought before the administrative body were determined by the regional board of review, and it would be those facts and legal determinations that would be at issue on appeal, the court found substantial compliance with the statutory requirements. In essence, the court found substantial compliance because the information contained in the notice of appeal was sufficient to notify the defendant of the order that was the subject of the appeal.
 {¶ 8} Here, we agree with the magistrate that relator's October 8, 2002 notice of appeal letter contained sufficient information to place the claimant on notice that relator had filed an appeal from the bureau's September 26, 2002 order notwithstanding the fact that relator incorrectly identified the bureau's September 24, 2002 order in the letter. As previously noted, the September 26, 2002 order vacated the September 24, 2002 order. Relator would have no reason to appeal an adverse order that had already been vacated. Moreover, as even the claimant acknowledges, the September 24, 2002 order could not have been appealed because it was vacated. At the time relator submitted its notice of appeal letter on October 8, 2002, there was only one remaining order in the claim — the September 26, 2002 order. Relator's letter of appeal correctly identified the claimant and the relevant claim number. Therefore, even though the letter of appeal mistakenly referenced the September 24, 2002 order, the commission and the claimant had sufficient information to know that relator was appealing the September 26, 2002 order. Therefore, *Page 5 
relator substantially complied with the jurisdictional requirements of R.C 4123.511(F). See, also, State ex rel. Jones v. Indus. Comm. (1992),65 Ohio St.3d 133 (bureau substantially complied with statutory requirements even though it misidentified the order it was appealing in its notice of appeal when no party was misled or surprised and it would have been illogical to appeal the order it identified).
 {¶ 9} The claimant also argues that relator is not entitled to relief in mandamus because relator failed to exhaust its administrative remedies. According to the claimant, these remedies are (1) Industrial Commission Resolution R98-1-03; (2) R.C. 4123.52; and (3) R.C. 4123.522. We find this argument unpersuasive.
 {¶ 1O} With respect to Industrial Commission Resolution R98-1-03 (request for reconsideration), claimant presents no legal authority supporting its argument that a party to a claim must file a request for reconsideration with the commission before filing a mandamus action. Nor are we aware of any legal support for this argument. In fact, this court in State ex rel. Novak v. Indus. Comm. (Nov. 12, 1993), Franklin App. No. 92AP-1326, specifically rejected this argument.
 {¶ 11} Here, relator did exhaust the administrative appeal process with the commission. Relator did not have to seek reconsideration of the adverse decision before seeking relief in mandamus.
 {¶ 12} Nor was relator required to seek relief under R.C. 4123.52
(commission's continuing jurisdiction) before seeking relief in mandamus. As previously noted, relator had exhausted the administrative appeals process with the commission. No statute required relator to seek relief under R.C. 4123.52. Therefore, relator appropriately sought relief in mandamus. *Page 6 
 {¶ 13} Respondent also points to R.C. 4123.522 in support of its argument. This statute entitles employers, employees and their respective representatives to written notice of any, determination, order, award or decision in matters to which they are parties. The statute grants certain remedies to any person who, through no fault of their own, fails to receive the required notice or does not have actual knowledge of the import of the information contained in the notice. Relator has never contended that it did not receive the September 26, 2002 order or that it did not understand the import of that order. Rather, relator contends that it mistakenly identified the September 24, 2002 order rather than the September 26, 2002 order in its letter of appeal. Therefore, R.C. 4123.522 is simply irrelevant.
 {¶ 14} Lastly, claimant contends that the mandamus action is barred by the doctrine of laches. The claimant argues that relator's delay in bringing the mandamus action materially prejudiced his rights. We disagree.
 {¶ 15} Although relator waited approximately two and one-half years to file its petition for a writ of mandamus, the Supreme Court of Ohio has held a delay of four years after the issuance of the commission's final order was not sufficient to invoke the doctrine of laches. State ex rel.Case v. Indus. Comm. (1986), 28 Ohio St.3d 383. Moreover, we fail to see how this delay prejudiced the claimant. The claimant's claim has been allowed and the claimant has been receiving TTD compensation. The claimant has failed to articulate how the delay prejudiced his ability to protect his interests. The possibility that relator might ultimately prevail on the merits of its appeal does not demonstrate that the delay in filing the petition prejudiced the claimant.
 {¶ 16} For the foregoing reasons, we overrule the claimant's objection. *Page 17 
 {¶ 17} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant relator's request for a writ of mandamus and order the commission to vacate its staff hearing officer's order of March 7, 2003, and to enter an order that sets relator's appeal of the September 26, 2002 bureau order before a DHO.
Objection overruled; writ of mandamus granted.
PETREE, J., concurs.
SADLER, P.J., dissents.