THE STATE EX REL. LAPP ROOFING & SHEET METAL COMPANY, INC., APPELLEE,
*v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE; CARTER, APPELLANT.

[Cite as *State ex rel. Lapp Roofing & Sheet Metal Co., Inc.
v. Indus. Comm.,* 117 Ohio St.3d 179, 2008-Ohio-850.]

(No. 2007–0704—Submitted December 11, 2007—Decided March 5, 2008.)

**Per Curiam.**

{¶ 1} Appellant, Kevin Carter, challenges the sufficiency of an administrative notice of appeal filed by his employer, appellee Lapp Roofing & Sheet Metal Company, Inc. ("Lapp"). Carter alleged that he suffered an industrial injury. On September 24, 2002, the Bureau of Workers' Compensation allowed a workers' compensation claim. The order additionally awarded temporary total disability compensation and set Carter's full weekly wage.

{¶ 2} Two days later, the bureau issued another order, vacating the September 24, 2002 order in its entirety "for the following reason: The full weekly wage (FWW) and/or average weekly wage (AWW) previously set in the claim is being modified." The new order then reallowed the claim for the same conditions as before and again awarded temporary total disability compensation for the same period. The full weekly wage was increased, and the average weekly wage, which had not previously been calculated, was set.

{¶ 3} On October 8, 2002, Lapp wrote to the bureau "object[ing] to the BWC tentative order dated September 24, 2002 in the above captioned claim." The letter also requested that the matter be set for hearing.

{¶ 4} At the Industrial Commission of Ohio district hearing that followed, Lapp's appeal was denied:

{¶ 5} "[T]he employer appealed the administrator's order of 9/24/02 which was vacated by the Bureau of Workers' Compensation on 9/26/02. The Hearing Officer finds that the employer did not appeal the 9/26/02 order, therefore, there is no issue to be heard at this time.

{¶ 6} "This order is based on the Bureau of Workers' Compensation order dated 9/26/02 which vacated their 9/24/02 order and the fact that the employer only appealed the 9/24/02 order on 10/8/02 after it was vacated."

{¶ 7} That order was administratively affirmed.

{¶ 8} Lapp filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying its appeal. Lapp argued that it had substantially complied with the notice requirements of R.C. 4123.511(F) despite what it termed the mistaken reference to the September 24 rather than September 26 order. A majority of the court agreed:

{¶ 9} "[R]elator's October 8, 2002 notice of appeal letter contained sufficient information to place the claimant on notice that relator had filed an appeal from the bureau's September 26, 2002 order notwithstanding the fact that relator incorrectly identified the bureau's September 24, 2002 order in the letter. As previously noted, the September 26, 2002 order vacated the September 24, 2002 order. Relator would have no reason to appeal an adverse order that had already been vacated. Moreover, as even the claimant acknowledges, the September 24, 2002 order could not have been appealed because it was vacated. At the time relator submitted its notice of appeal letter on October 8, 2002, there was only one remaining order in the claim—the September 26, 2002 order. Relator's letter of appeal correctly identified the claimant and the relevant claim number. Therefore, even though the letter of appeal mistakenly referenced the September 24, 2002 order, the commission and the claimant had sufficient information to know that relator was appealing the September 26, 2002 order." *State ex rel. Lapp Roofing & Sheet Metal Co., Inc. v. Indus. Comm.,* Franklin App. No. 05AP–950, 2007-Ohio-933, 2007 WL 660426, ¶ 8.

{¶ 10} Carter now appeals as of right to this court.

{¶ 11} Two principles must be balanced in this litigation. The first stems from the "important function" served by rules of procedure in maintaining the "prompt, orderly and effective administration of justice." *Natl. Mut. Ins. Co. v. Papenhagen* (1987), 30 Ohio St.3d 14, 16, 30 OBR 21, 505 N.E.2d 980. That goal is thwarted when a party is "surprised, misled or unfairly prejudiced" by an opponent's application of a given rule. *State ex rel. Jones v. Indus. Comm.* (1992), 65 Ohio St.3d 133, 137, 601 N.E.2d 36.

{¶ 12} The second principle is "the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits." *Fisher v. Mayfield* (1987), 30 Ohio St.3d 8, 11, 30 OBR 16, 505 N.E.2d 975. That end is "ultimately best served by an attitude of judicial tolerance toward minor errors, made in good faith, which pose no danger of prejudice to the opposing party or to the court's essential functions." *Papenhagen,* 30 Ohio St.3d at 16, 30 OBR 21, 505 N.E.2d 980.

{¶ 13} The rule currently at issue is R.C. 4123.511, which governs administrative appeals. It requires that every notice of appeal state (1) claimant and employer names, (2) claim number, (3) the date of the decision appealed from,

and (4) the fact that appellant appeals therefrom.  R.C. 4123.511(F).  The third element has been the subject of most of the relevant litigation before this court and is again at issue here.

{¶ 14} The parties agree that absolute compliance is not demanded, only "substantial compliance." *Mullins v. Whiteway Mfg. Co.* (1984), 15 Ohio St.3d 18, 20–21, 15 OBR 15, 471 N.E.2d 1383; *Kaiser v. Ameritemps, Inc.* (1999), 84 Ohio St.3d 411, 413, 704 N.E.2d 1212 (specifically applying "substantive compliance" standard to R.C. 4123.511(F)).  "Substantial compliance" occurs "when a timely notice of appeal * * * includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities." *Fisher,* 30 Ohio St.3d 8, 30 OBR 16, 505 N.E.2d 975, paragraph two of the syllabus.

{¶ 15} In *Mullins,* the claimant sought to appeal a commission decision to common pleas court pursuant to former R.C. 4123.519, now 4123.512.  Like the provision currently at bar, R.C. 4123.519 required the notice of appeal to state the date of the challenged decision.  The claimant, however, had omitted the date, prompting appellees to move for dismissal.

{¶ 16} We upheld the sufficiency of the notice.  Citing R.C. 4123.95, which requires liberal statutory construction in favor of employees, we wrote:

{¶ 17} "[C]ertain mitigating factors are to be considered when examining the sufficiency of a notice of appeal.  These factors include whether appellant has substantially complied with the statutory appeal provisions and whether the purpose of the unsatisfied provision is sufficiently important to require compliance for jurisdictional purposes.  This flexibility comports with R.C. 4123.95 * * *." *Mullins,* 15 Ohio St.3d at 21, 15 OBR 15, 471 N.E.2d 1383.

{¶ 18} We also stressed that appellant's notice of appeal complied with all the other requirements of R.C. 4123.519 (which were the same as those currently at bar).  We reasoned:

{¶ 19} "[T]he purpose of the date provision is not sufficiently important to require dismissal for the failure to include it; in fact, appellees offer no argument as to the purpose of the date provision.  The notice of appeal in this case gives sufficient notice and information to all concerned parties." Id. at 20, 15 OBR 15, 471 N.E.2d 1383.

{¶ 20} A majority reached the same result in *Fisher.*  In that case, an R.C. 4123.519 notice of appeal misstated the date of the order sought to be appealed.  The common pleas court dismissed the case, and the court of appeals affirmed that action.  We reversed, citing the principle that cases should be decided on their merits.  We went on to state:

{¶ 21} "By correctly designating the parties to the action, and the case number, all concerned parties had sufficient information from which they could determine that a particular claim or action was forthcoming. No party has alleged, and no party can now demonstrate, surprise or unfair prejudice to its interests." *Fisher*, 30 Ohio St.3d at 11, 30 OBR 16, 505 N.E.2d 975.

{¶ 22} Carter argues that *Fisher* is distinguishable from the present case in a crucial respect. In this case, there were two orders. In *Fisher*, there was only one. Carter asserts that the misstatement, or even omission, of the date in that earlier case was inconsequential from a practical standpoint because there was only one order that could have been on appeal, and all the parties knew it. Carter argues that in this case, proper identification was crucial because there were both September 24 and September 26 orders. Here, Carter asserts, it is not clear which order was being appealed, rendering the notice insufficient.

{¶ 23} We find *State ex rel. Jones,* 65 Ohio St.3d 133, 601 N.E.2d 36, instructive on this point. The underlying issue in that case was the amount of compensation overpaid to the claimant. In May 1987, a district hearing officer had declared an overpayment and had referred the matter to the Bureau of Workers' Compensation for calculation. Jones had appealed. While the appeal was pending, the bureau set the overpayment figure at approximately $20,000. On November 25, 1987, the Toledo Regional Board of Review modified the May order and set the amount at approximately $6,000. No timely appeal followed. In January 1988, the Toledo Board of Review issued a "Corrected Order" that changed the dates in the May 1987 order as to when the overpayments had occurred.

{¶ 24} In February 1988, the bureau moved the commission for R.C. 4123.522 relief, claiming that it had not received the regional board's November 1987 order, having learned of it only after receiving the corrected order. On March 18, 1988, the commission granted the bureau's motion and reinstated its appeal rights. The language of the bureau's April 22, 1988 notice of appeal, however, suggested that the bureau was appealing the March 18, 1988 order, not the one issued on November 25, 1987.

{¶ 25} On reinstated merit appeal, the regional board's order was vacated. This order prompted claimant's petition in mandamus in which he alleged that the bureau's April 22, 1988 notice of appeal was defective because it referred to the wrong order on appeal. The court of appeals agreed and issued the writ.

{¶ 26} We unanimously reversed. Citing *Fisher* and the principle of substantial compliance, we reasoned that once relief was granted based on the bureau's failure to receive the November 25, 1987 regional board order, the claimant by necessity knew that the November 25, 1987 order was going to be appealed. That rationale was obviously why the bureau had sought R.C. 4123.522 remedial action in the first place. Further, we deemed it "illogical" to interpret the

challenged notice as indeed intending to appeal the March 18, 1988 order listed thereon because "[t]hat order granted the administrator his requested relief. The administrator had no reason to appeal such a favorable order." *Jones,* 65 Ohio St.3d at 137, 601 N.E.2d 36. Ultimately, we held that in light of these circumstances, the claimant "[could] not credibly demonstrate that he was surprised, misled or unfairly prejudiced by the April 22, 1988 notice of appeal." Id.

{¶ 27} *Jones's* reference to an illogical interpretation resonates here. Under these facts, it is illogical to interpret Lapp's notice as appealing an order that had been vacated. Equally compelling is the fact that the contents of the September 24, 2002 order were incorporated fully into the September 26, 2002 order. Consequently, reference to either order would have put Carter on notice that Lapp was contesting the claim's allowance. The fact that the September 24 order was cited instead of the September 26 order could not have misled, surprised, or prejudiced Carter. Accordingly, we conclude that the defect is insufficient to warrant a finding that Lapp did not substantially comply with R.C. 4123.511(F).

{¶ 28} Carter also raises a laches defense, criticizing Lapp's two-and-a-half-year delay in commencing its mandamus action. To prevail, Carter must show that the delay was unreasonable and caused him material prejudice. *Smith v. Smith* (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113, paragraph three of the syllabus. Carter essentially incorporates the first element into the second, arguing that he was materially prejudiced, and the prejudice rendered the delay unreasonable.

{¶ 29} He argues that to revisit the allowance of his claim will generate large overpayments of compensation and medical benefits if the claim is ultimately disallowed. We view this allegation with skepticism, given the overpayment provisions of R.C. 4123.511(J), and reject his assertion of material prejudice.

{¶ 30} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Reminger & Reminger Co., L.P.A., and Shelby McMillan, for appellee Lapp Roofing & Sheet Metal Co., Inc.

Horenstein, Nicholson & Blumenthal, L.P.A., and L. Frederick Sommer III, for appellant.