[Cite as *State v. Rose*, 2014-Ohio-2705.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2013-L-107** |
| - vs - | : | |
| ALBERT D. ROSE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000866.

Judgment: Appeal dismissed.

*Charles E. Coulson*, Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Albert D. Rose*, pro se, PID: A642213, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

THOMAS R. WRIGHT, J.,

{¶1} This matter is before this court on Albert D. Rose's pro se motion for leave to file a delayed appeal, pursuant to App.R. 5, filed on November 22, 2013. No brief or memorandum in opposition to the motion has been filed.

{¶2} App.R. 5(A) provides, in relevant part:

> (1)(a) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in * * * [c]riminal proceedings * * *.

(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals.

{¶3} At the outset, we note that Mr. Rose has failed to comply with App.R. 5(A)(2)—that the movant, "[c]oncurrently with the filing of the motion, * * * *shall* file with the clerk of the trial court a notice of appeal * * * and *shall* file a copy of the notice of the appeal in the court of appeals." (Emphasis added.)

{¶4} App.R. 3(D) states, in pertinent part, that "[t]he notice of appeal shall * * * designate the judgment, order or part thereof appealed from * * *." Although a court of appeals has discretion to accept timely notices of appeal that are otherwise defective, "the purpose of App.R. 3(D) is 'to notify potential appellees of an appeal and advise them as to what orders the appellant is appealing from.'" *Ambruster v. Hampton*, 9th Dist. Lorain No. 05CA008716, 2006-Ohio-4530, ¶15, quoting *State v. Dixon*, 9th Dist. Summit No. 21463, 2004-Ohio-1593, ¶7; *see also Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257, 259 (1982).

{¶5} Mr. Rose filed a docketing statement concurrently with his motion for leave to file a delayed appeal on November 22, 2013, but he did not file a notice of appeal. Neither the docketing statement nor the motion for leave include a reference to any trial court judgment from which Mr. Rose is attempting to appeal. Additionally, Mr. Rose did not attach a copy of the judgment being appealed, pursuant to Loc.R. 3(D)(3). Mr. Rose's motion for leave to file a delayed appeal is thus procedurally defective. *See, e.g., State v. Burrell*, 11th Dist. Portage No. 2009-P-0018, 2009-Ohio-2083. Further,

2

the docketing statement fails to provide notice to the state of Ohio as to what order(s) Mr. Rose is appealing.

{¶6} Mr. Rose also filed a letter, addressed to this court's Court Administrator, approximately one month prior to filing his motion for leave to file a delayed appeal. On October 25, 2013, the Lake County Clerk of Court's office accepted this letter and labeled it as a "notice of appeal" on the docket. In his letter to this court, Mr. Rose asserts that he received ineffective assistance of counsel and requests this court to provide him with legal assistance. However, Mr. Rose did not indicate that this letter was a notice of appeal; did not reference a specific judgment entry from which he wished to appeal; and did not attach a copy of a judgment entry, pursuant to Loc.R. 3(D)(3). Further, the letter did not contain a certificate of service indicating opposing counsel was served with a copy of the letter. We therefore find that Mr. Rose's letter of October 25, 2013, is not a proper substitute for a notice of appeal and was incorrectly docketed as such.

{¶7} We further find that Mr. Rose has not provided this court with reasons to adequately justify the filing of *any* delayed appeal, pursuant to App.R. 5(A). "We are without discretion to allow a delayed appeal when the motion does not comply with App.R. 5(A)." *State v. Bell*, 11th Dist. Trumbull No. 2010-T-0089, 2010-Ohio-4693, ¶10.

> [T]his court has held that a proper motion for leave must address two specific issues. First, the defendant must give a legitimate explanation in regard to why he failed to file his notice of appeal in a timely manner under App.R. 4(A). Second, he must provide a legitimate explanation as to why he did not submit his motion for leave within a reasonable time after the end of the thirty-day period for bringing a timely appeal.

*State v. Rini*, 11th Dist. Lake No. 2004-L-199, 2005-Ohio-936, ¶4 (citation omitted).

3

{¶8} In his motion, Mr. Rose asserts the following as his reasons for failing to perfect a timely appeal: (1) he was never advised of his right to appeal by the trial court or his attorney; and (2) he has no legal training or knowledge.

{¶9} A review of the written plea of guilty establishes that Mr. Rose did not entirely waive his right to appeal but, instead, waived the right only as it relates to issues that may have been raised at trial. Mr. Rose acknowledged the following with his signature: "My attorney has explained my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of the Court's entry of the judgment of my sentence." Thus, Mr. Rose was properly advised regarding his right to appeal.

{¶10} Further, this court has long held that ignorance of the law does not excuse procedural inadequacies, such as the failure to file a notice or motion in a timely manner. *E.g.*, *State v. Foti*, 11th Dist. Lake No. 2009-L-163, 2010-Ohio-5931, ¶86; *State v. Crites*, 11th Dist. Trumbull No. 2012-T-0065, 2012-Ohio-5127, ¶10.

{¶11} We find that Mr. Rose has neither satisfied the requirement of filing a notice of appeal nor has he provided this court with reasons to adequately justify an inability to initiate a direct appeal within 30 days of any judgment.

{¶12} Mr. Rose's motion for leave to file a delayed appeal is hereby overruled.

{¶13} Appeal dismissed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part with a Concurring and Dissenting Opinion.

_____

4

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part with a Concurring and Dissenting Opinion.

{¶14} I concur with the majority that appellant has not complied with App.R. 5(A) as he has not filed a proper notice of appeal in the trial court concurrently with the filing of his motion for leave to file a delayed appeal. Additionally, appellant has not complied with Loc.R. 3(D)(3) of this court by attaching a copy of the judgment being appealed. I do recognize the need for appellant to inform this court as to which issues he is raising and which judgment he is appealing. As such, I agree that appellant has failed to invoke this court's jurisdiction.

{¶15} If this were the end of the matter, I would note that appellant could file a new motion for leave to appeal that cures these defects. *State v. Burrell*, 11th Dist. Portage No. 2009-P-0018, 2009-Ohio-2083, ¶10. However, the majority has also determined that appellant failed to provide this court with sufficient reasons to justify the filing of a delayed appeal. Thus, any subsequent filing would likely be overruled as well.

{¶16} Regarding appellant's motion to file a delayed appeal, it must be noted that appellant has a constitutional right to appeal his conviction. *City of Aurora v. Belinger*, 180 Ohio App.3d 178, 2008-Ohio-6772, ¶1 (11th Dist.). In cases wherein someone is found guilty and sentenced in a criminal matter and there is no prejudice to the state in the delay, a motion for delayed appeal should be granted. I suggest that if appellant cures the defects we should accept a new motion for leave to file a delayed appeal, and review the record before this court. Appellate Rule 5(A) provides specifically for a delayed appeal if the thirty-day deadline to file is missed. There is also no set deadline for a delayed appeal to be filed.

5

**{¶17}** In this case, appellant has filed a request for a delayed appeal just over five months following his sentencing. The majority does not feel inclined to accept it, describing appellant's reasons for his delay as insufficient and contradicted by his plea agreement. However, the mechanical enforcement of a single appellate rule should not take precedence over enforcement of the law as a whole. The majority, in emphasizing form over function, is placing an unnecessary barrier in front of appellant by its strict reading of the rule.

**{¶18}** The Rules of Appellate Procedure are meant to provide a framework for the orderly disposition of appeals. *In re Beck,* 7th Dist. Belmont No. 00 BA 52, 2002-Ohio-3460, ¶29. However, "'[o]nly a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds.'" *Id.* at ¶28, quoting *DeHart v. Aetna Life Ins. Co.,* 69 Ohio St.2d 189, 193 (1982). The Supreme Court of Ohio has instructed the lower courts of this state that cases are to be decided on the merits, and that the various rules of court are to be applied so as to achieve substantial justice. *See, e.g., State ex rel. Lapp Roofing & Sheet Metal Co., Inc. v. Indus. Comm.,* 117 Ohio St.3d 179, 2008-Ohio-850, ¶12; *DeHart* at 192. Consequently, strict adherence to the appellate rules must yield when a procedural error is inadvertent, and a party or counsel acted in good faith. *See, e.g., Beck* at ¶29.

**{¶19}** The Staff Note to the 1994 Amendment to App.R. 5(A) also indicates that the rule is to be given a flexible, liberal interpretation. Prior to the amendment, defendants were required to set forth the errors claimed and evidence relating to the claimed errors. *Id.* The amendment merely retained the requirement that the would-be

6

appellant set forth his or her reasons for the delay. *Id.* In explanation, the Staff Note provides in part:

{¶20} "Although there was also concern about the fairness of requiring usually indigent, and frequently unrepresented, criminal defendants to demonstrate (often without the benefit of a transcript) the probability of error, the primary reason for this amendment is judicial economy. Denial of leave to file a delayed appeal for failure to demonstrate the probability of error usually leads to subsequent litigation of the issue by direct appeals to the Ohio and United States Supreme Courts, petitions to vacate sentence under R.C. 2953.21 et seq., and appeals thereon, and/or federal habeas corpus petitions and appeals. Review of the merits by the courts of appeals upon the initial (albeit delayed) appeal would thus avoid the presentation of the probability of error issue to as many as nine subsequent tribunals."

{¶21} Additionally, a principal purpose of the General Assembly in reforming Ohio's sentencing structure in Senate Bill 2, including procedure relating to appeals, was cost containment. *State v. Grider,* 8th Dist. Cuyahoga No. 82072, 2003-Ohio-3378, ¶29, citing Griffin and Katz, *Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan*, 53 Case W.R.L.Rev. 1 (2002).

{¶22} The intent of the General Assembly is that courts deal with criminal cases in the most cost effective manner complying with justice. Additionally, this court has an affirmative, constitutional and statutory duty to review the trial court for error. We are the constitutional quality control for the citizens of the state of Ohio. By denying delayed appeals I submit we are not performing our duties to the best of our constitutional and statutory obligation.

7

{¶23} If App.R. 5(A) is to be given a flexible, liberal interpretation an appellant should be entitled to have his case heard on a delayed appeal when there is no prejudice to the state in the delay. As appellant pleaded guilty to the crimes for which he was sentenced, the errors he might raise on appeal are limited. Surely it would be more cost effective for this court to consider any such alleged error, bring this matter to a quick, *final* close and thus avoid the presentation of error issues to subsequent tribunals.

{¶24} Thus, I respectfully concur in part and dissent in part.