[Cite as *State v. Rose*, 2014-Ohio-4986.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


STATE OF OHIO,                          :          **MEMORANDUM OPINION**

      Plaintiff-Appellee,          :
                                                   **CASE NO. 2014-L-065**
  - vs -                                :

ALBERT D. ROSE,                         :

      Defendant-Appellant.         :


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000866.

Judgment: Appeal dismissed.


*Charles E. Coulson*, Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Albert D. Rose*, pro se, PID: A642-213, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} This matter is before this court on appellant, Albert D. Rose's, pro se motion for leave to file a delayed appeal, pursuant to App.R. 5, filed on July 14, 2014. Concurrently with his motion for delayed appeal, appellant filed a notice of appeal with the trial court which indicates that he is appealing from a June 5, 2013 judgment entry that he attached to his notice of appeal. A timely notice of appeal from that judgment

was due no later than July 5, 2013.  Thus, appellant's appeal is untimely by over one year.

{¶2}   Appellee, the state of Ohio, filed a response in opposition to the motion on July 21, 2014.

{¶3}   App.R. 5(A) provides, in relevant part:

> (1)(a) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in * * * [c]riminal proceedings * * *.

{¶4}   We note that appellant previously attempted to appeal his conviction and sentence of June 5, 2013, by filing a motion for leave to file a delayed appeal and a docketing statement on November 22, 2013, in *State v. Rose*, 11th Dist. No. 2013-L-107, 2014-Ohio-2705.  No notice of appeal was filed, and there was no indication as to the specific entry appellant was appealing from, nor was one provided.  In addition to finding that there were procedural defects in appellant's attempt to appeal, this court's majority found that appellant had not "provided this court with reasons to adequately justify the filing of *any* delayed appeal, pursuant to App.R. 5(A)." *Id.* at ¶7.  That appeal was dismissed on June 23, 2014.

{¶5}   Now this matter is before this court once again on appellant's second motion for leave to file a delayed appeal.

{¶6}   In his motion, appellant asserts the following as his reasons for failing to perfect a timely appeal: (1) he was never advised of his right to appeal by the trial court or his attorney; and (2) he is illiterate and had to get assistance from a "jailhouse lawyer" to assist him in filing his delayed appeal.

{¶7}    As to appellant's reasons, those points were addressed in *Rose, supra* at ¶9 and ¶10, where we stated:

> A review of the written plea of guilty establishes that Mr. Rose did not entirely waive his right to appeal but, instead, waived the right only as it relates to issues that may have been raised at trial. Mr. Rose acknowledged the following with his signature: "My attorney has explained my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of the Court's entry of the judgment of my sentence." Thus, Mr. Rose was properly advised regarding his right to appeal.
>
> Further, this court has long held that ignorance of the law does not excuse procedural inadequacies, such as the failure to file a notice or motion in a timely manner. *E.g., State v. Foti*, 11th Dist. Lake No. 2009-L-163, 2010-Ohio-5931, ¶86; *State v. Crites*, 11th Dist. Trumbull No. 2012-T-0065, 2012-Ohio-5127, ¶10.

{¶8}    We find that, again, appellant has not provided this court with reasons to adequately justify his inability to initiate a direct appeal within 30 days of his conviction and sentence.

{¶9}    Thus, appellant's motion for leave to file a delayed appeal is hereby overruled.

{¶10}   Appeal dismissed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶11}   As I noted in the prior case filed by appellant, as a pro se litigant he has a constitutional right to appeal his conviction in a criminal proceeding. *See State v.*

3

*Awkal*, 8th Dist. Cuyahoga Nos. 98532 and 98553, 2012-Ohio-3970, ¶2 (Blackmon, A.J.); Article IV, Sections 1, 2, and 3 of the Ohio Constitution (appeal "as a matter of right"). An appeal "as of right" is "[a]n appeal to a higher court from which permission need not be first obtained." *Black's Law Dictionary* 74 (7th Ed.2000). In Ohio, in addition to the Ohio Constitution, pursuant to statute, "a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right." R.C. 2953.08(A).

**{¶12}** In cases wherein someone is found guilty and sentenced in a criminal matter and there is no prejudice to the state in the delay, a motion for delayed appeal should be granted. I suggest that we should accept the delayed appeal, and review the record before this court. Appellate Rule 5(A) provides specifically for a delayed appeal if the thirty-day deadline to file is missed. There is also no set deadline for a delayed appeal to be filed.

**{¶13}** The Rules of Appellate Procedure are meant to provide a framework for the orderly disposition of appeals. *In re Beck,* 7th Dist. Belmont No. 00 BA 52, 2002-Ohio-3460, ¶29. However, "'[o]nly a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds.'" *Id.* at ¶28, quoting *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193 (1982). The Supreme Court of Ohio has instructed the lower courts of this state that cases are to be decided on the merits, and that the various rules of court are to be applied so as to achieve substantial justice. *See, e.g., State ex rel. Lapp Roofing & Sheet Metal Co., Inc. v. Indus. Comm.,* 117 Ohio St.3d 179, 2008-Ohio-850, ¶12; *DeHart* at 192. Consequently, strict adherence to the appellate rules must yield when a procedural error is inadvertent, and a party or counsel acted in good faith. *See, e.g., Beck* at ¶29.

4

{¶14} If App.R. 5(A) is to be given a flexible, liberal interpretation an appellant should be entitled to have his case heard on a delayed appeal when there is no prejudice to the state in the delay. As appellant pleaded guilty to the crimes for which he was sentenced, the errors he might raise on appeal are limited. Surely it would be more cost effective for this court to consider any such alleged error, bring this matter to a quick, *final* close and thus avoid the presentation of error issues to subsequent tribunals.

{¶15} Thus, I respectfully dissent.